Piersons *v.* Hobbes.

## PIERSONS *v.* HOBBES.

Assumpsit may be maintained on an award, and, where the submission is by parol, is the most appropriate remedy.

It is no defence to an action upon an award made in favor of the plaintiff, after he has made a general assignment of all his property and rights of property, and of action, for the benefit of his creditors, agreeably to the statute, that the suit is not authorized, but disclaimed and discountenanced by the assignee The legal presumption in such case is, that the award was of matters arising subsequent to the assignment. The award is conclusive, unless properly *impeached.*

ERROR, to reverse a judgment of nonsuit, rendered by the Court of Common Pleas for this county, against the plaintiff in error, at the February term, 1855. The facts in the case sufficiently appear in the opinion of the court.

*A. Wood,* for the plaintiff in error.

This award will support an action, and the defence that the plaintiff is precluded by the assignment cannot prevail.

An action at law lies by one partner against another on a writing ascertaining the amount due from one to the other, on a settlement, although there be no express promise to pay. *McBall* v. *Oliver,* 1 Stew. (Ala.) 510. It is an adjustment of all the partnership accounts, and will support an action.

Where a partnership has been dissolved, and, on settlement, a balance found due from one partner to the other, assumpsit will lie to recover it. *Pope* v. *Randolph,* 13 Ala. 233 ; 18

Pick. 315 ; 1 App. 211 ; 21 Vt. 323 ; 12 Mass. 34. The
assignment operated as a dissolution of the partnership. Story
on Partnership, sec. 313, and cases cited in the note.

It is to be understood, from the award and the agreed state-
ment of facts, that at the time of the hearing before the referees
all the partnership accounts had been settled, and that the
parties had entered into the examination to see how much was
due from one to the other. The award is to be taken as an
admission of the facts by the parties.

The cause of action did not exist at the time of the assign-
ment ; no balance had been struck between the parties, and of
course it did not pass to the assignee. This assignment is
nothing more than an intention to carry out an assignment under
the statute. But it is to be sustained, that when an assignment
is made by partners, it precludes the partners from afterwards
entering into a submission to determine the amount due from
one to the other. A glance at the consequences of such a posi-
tion shows its fallacy.

The partners submitted the question to the referees to state
how much was due, and by that award they are bound. The
cause of action (upon the finding of the referees) then accrued
to the plaintiff.

The court should render such judgment now as the Common
Pleas should have given. 6 Foster 115.

*Gilman Marston,* for the defendant in error.

1. By the deed of assignment, all the property and rights of
property of the assignors had vested in the assignee. The deed
operated like a decree in bankruptcy. In the latter case the
property vests in the assignee by operation of law ; in the former
case by the act of the parties, verified by oath. Comp. Stat. 297.

2. The finding of the referees is simply that one partner had
more of the partnership property in his custody than the other
at the time of the assignment. But the possession of one
partner is the possession of both, and whichever had the custody
of the property, or wherever it might be situated, the deed of
assignment divested them of all title.

Fowler, J. This is error, brought to reverse a judgment of nonsuit rendered in favor of the defendant against the plaintiff, by the Court of Common Pleas for this county, February term, 1855. The writ in the original suit was dated April 29, 1850, and was assumpsit by the present plaintiff upon an award by W. W. Stickney and J. H. Shapleigh, in the following words :

"*Exeter, April* 23, 1850.

"The partnership accounts between the parties, Thomas F. Piersons and Angier M. Hobbes, having been referred to us to state the balance due from one to the other, having this day heard the parties and examined their partnership accounts between the said partners, we find that there is a balance of three hundred and thirty-eight dollars and sixty-nine cents due to the said Thomas F. Piersons from the said Angier M. Hobbes.

"The private accounts between the said Piersons and the said Hobbes are not included in said balance.

W. W. STICKNEY,
J. H. SHAPLEIGH."

On the trial the plaintiff proved the award, and thereupon the defendant put in evidence a general assignment, made by the plaintiff and defendant, March 16, 1850, agreeably to the provisions of the statute of this State, assigning to Stephen W. Dearborn, for the equal benefit of all their creditors, " all the lands, tenements and hereditaments, goods, chattels, choses in action, rights, credits, property and effects of them, and each of them, of every and whatsoever name, nature and kind, and wheresoever situate, except such as, being by law exempted from attachment and execution, is so exempted from the true intent and meaning of assignments of this nature." It was then agreed by the parties that Dearborn accepted the trust as assignee, and executed the same ; that he had not authorized that suit to receive or recover of the defendant any property or rights of property belonging to said trust, and that he disclaimed the instituting or prosecuting of said suit, to recover any property or rights of property belonging to either of the parties at the date of the assignment. The court being of opinion that

the action could not be maintained under these circumstances, directed a nonsuit, and ordered a judgment thereon, which was rendered accordingly. The plaintiff thereupon filed a bill of exceptions, which was allowed by the presiding judge, and then brought his writ of error to reverse the judgment thus rendered.

Plea, that there was no error in the record or proceedings.

No question was raised at the trial below, or has been suggested in the argument here, that the original action was not properly brought. Indeed, it is too well settled to admit of controversy, that assumpsit may be maintained on an award, and that, where the submission is by parol, it is the most suitable remedy for enforcing the award. Caldwell on Arbitration 387, 388, 389, 390, 392; *Parsons* v. *Aldrich*, 6 N. H. 264. Nor has it been suggested that the award under consideration is in any way defective upon its face, so as to be void or voidable for that reason. The only objection made to the plaintiff's right to recover seems to have been that the suit was not authorized, but discountenanced and disclaimed by the assignee, to whom it is alleged all the plaintiff's rights in action passed, by the assignment of March 16, 1850. We think this objection should not have prevailed to defeat the action. Nor is it material to such a conclusion to determine whether or not the claim of the plaintiff against the defendant, arising out of the partnership transactions prior thereto, passed to the assignee by the assignment or not. Admitting it to have passed, the result would not, in our judgment, be changed as the case stands.

The award was made subsequently to the assignment, and is conclusive upon the parties to the submission, if made within its terms, and not impeached. Having selected their tribunal, and obtained its judgment, it is not for either of them to say that judgment is erroneous, unless, upon established and well recognized principles, it is shown to be invalid. If an award be consonant to the submission, certain, of something possible to be performed, not contrary to law or reason, and final upon the subject matter of it, it is as binding and conclusive between the parties to it as the judgment of a court of competent jurisdic-

tion.   Caldwell on Arbitration 98, (first Am. Ed.;) *Carey* v. *Wilcox*, 6 N. H. 179, and authorities.

The award may be set aside, but not on the simple ground of an erroneous judgment in the arbitrators, for to their judgment the dispute was referred; and that would be ground for setting aside every award.   The court will not interfere to set aside an award, unless on the ground of corruption, misbehavior, or excess of power.   *Knox* v. *Simonds*, 1 Vesey, Jr., 369; *Morgan* v. *Mather*, 2 Vesey, Jr., 15.

An award will not be set aside on the abstract ground that the arbitrators were mistaken in point of law, but the court must be clearly satisfied that they would not have made such an award had they known what the law was.   It must appear that they undertook to decide according to law, and mistook it.   If, knowing what the law is, or laying it entirely out of consideration, they make what they consider an equitable decision, it will form no objection to the award, that, as to some particular point, it is manifestly against law.   *Richardson* v. *Nourse*, 3 Barnwell & Alderson 240.

It is, morever, a maxim of the courts, both of law and equity, never to raise a presumption for the sake of overturning an award; but, on the contrary, to make every reasonable intendment in its support.   1 Stephens' Nisi Prius 94, and authorities.

In the case before us the award was made on the 23d day of April, 1850.   The assignment had been made on the 16th day of March previous.   Upon general principles the legal presumption would be, that the award was of matters connected with the partnership, arising subsequent to the assignment.   But, upon the facts before us, it is not material to consider that question.   After the assignment, these parties entered into a submission, and the arbitrators made an award within its terms, which is conclusive between them on the subject matter of it, unless properly impeached.   The defendant cannot go behind it and show that nothing was in fact due, as he attempted to do upon the trial, by interposing the right of the assignee to the claim

considered by the referees, thereby denying the existence of the indebtedness established by the award.

As the court below erred in directing a nonsuit and rendering judgment thereon, when the facts shown in evidence by the defendant constituted no legal defence to the action, that judgment must be reversed, and an order transmitted to the Common Pleas for new proceedings there.

*Judgment reversed and new trial ordered.*