WALLACE M. PRICE, Respondent, v. THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

Kansas City Court of Appeals, May 1, 1893.

1. Principal and Agent: DEPOSITORY OF ESCROW: INSURANCE: DELIVERY. If an agent is such an one as his acting as custodian of the paper is not antagonistic to his principal's interest and the paper is put in his hands, not as a delivery, but as a custodian, he can act as the depository of an escrow, as well as a stranger; and so a soliciting agent of an insurance company may hold an application and note to be delivered to his principal upon the happening of the contingency fixed by the maker, and if he delivers the same in violation of his instructions the delivery would be void.

2. Insurance: EVIDENCE: PROOFS OF LOSS: HARMLESS ERROR. Evidence of proofs of loss is not admitted for the purpose of establishing the value of the property but to show compliance with the terms of the policy; and the admission of affidavits of value making part of such proofs is harmless error when there is in fact no issue of value on the trial.

3. ———: ———: CONVERSATION WITH THIRD PERSON. Conversation with the agent of another insurance company as to the issue of a policy by his company on the insured property is admissible where the issuance of such policy is an issue in the case.

4. ———: INSTRUCTIONS. Instructions are held not subject to the criticisms made upon them.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Fyke & Hamilton*, for appellant.

(1) The court erred in permitting plaintiff to prove that there was an understanding that the agent of the German of Freeport should procure the consent of the defendant to the insurance in the German of Freeport before the application should be sent in. Such understanding could not affect defendant; besides, Ross, by that arrangement, if it was made, became the agent of plaintiff to procure defendant's consent, and if he failed to do so and sent in the application, it was plaintiff's own act. Even if plaintiff thought at the time of the fire that he had no other insurance, still, if the German policy was valid, he cannot recover. *Zinck v. Ins. Co.*, 60 Iowa, 266; *Ins. Co. v. McCrea*, 8 La. 541. (2) The court erred in admitting conversation between plaintiff and Ross; the same was hearsay, and occurred before the application for the German policy was signed, and were certainly inadmissible. *Sarsfield v. Ins. Co.*, 42 How. Pr. 97. (3) The court erred in admitting the *ex parte* affidavit of Roher and Shoey. Such affidavit was not any part of the proofs of loss required by the policy. There is no conceivable theory upon which it was admissible. *Ins. Co. v. Sennett*, 41 Pa. St. 161; *Ins. Co. v. O'Neill*, 110 Pa. St. 548.

*C. C. Dickinson* and *Jas. Parks & Son*, for respondent.

(1) The instrument may be delivered in escrow to the agent of the party to whom such instrument is to

be finally delivered, and nothing passes if such agent delivers the instrument unless the condition is performed. *Railroad v. Iliff*, 13 Ohio St. 235; 2 Abbott's National Digest, sec. 11, p. 251; citing *Hammond v. Hunt*, 4 Bann A. Pat. Cas. 111, First Circuit (Mass.), 1879; *People v. Bostwick*, 32 N. Y. 445; *Railroad v. Atkison*, 17 Mo. App. 484; *McCurtney v. Ins. Co.*, 45 Mo. App. 373; *Gilbert v. Ins. Co.*, 23 Wend. 43. (2) A written contract, not under seal, may be placed in the hands of the grantee or third party as an escrow, and a parol condition that its operation shall commence only on the transpiring of a future event will be good. If, in violation of the trust, the custodian delivers it without the fulfillment of the condition, it is void and passes nothing. Bishop on Contracts, secs. 356, 357, 358, and authorities cited; *Railroad v. Iliff*, 13 Ohio St. 235; *Gilbert v. Ins. Co.*, 23 Wend. 43; *Chipman v. Tucker*, 38 Wis. 43; Lawson on Rights, Remedies & Practice, secs. 2277, 2500, 2502, 2508, pp. 3817, 3818, 3819, 4144, 4145, 4152. (3) Proofs of loss are admissible in evidence for the purpose of showing· compliance with the conditions of the policy. *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Baile v. Ins. Co.*, 73 Mo. 371; *Browne v. Ins. Co.*, 68 Mo. 133; *Newmark v. Ins. Co.*, 30 Mo. 160; *Wagner v. Ins. Co.*, 143 Pa. St. 338. (4) Where there is other evidence in the cause showing plaintiff's loss and its extent, the admission of proofs of loss, while competent only to show compliance with terms of the policy and not to prove loss or its extent, is the admission of cumulative evidence as to the loss and damage, and does not constitute reversible error. *Baile v. Ins. Co.*, *supra*.

ELLISON, J.—This action is based on a fire insurance policy issued by defendant to plaintiff, containing a clause against further or additional insurance without

the written consent of the defendant indorsed on the policy. Some time after the policy was delivered to plaintiff and shortly before the fire, the agent of another insurance company called on plaintiff, who resided in the country, and solicited him to take further insurance. Plaintiff refused to do so, stating as a reason that he had a policy issued by this defendant and that he could not take out more insurance without first getting the written consent of defendant. The agent then said he could so arrange the matter as to avoid a ride of twenty-five miles if plaintiff would make out an application and premium note to be held by him (the agent) until he (the agent) could get the written consent of this defendant. That when he obtained such consent he would forward the application. If he failed to get such consent he would return it to plaintiff. With that understanding the plaintiff signed an application and a note for the premium for further insurance. In violation of this agreement and without plaintiff's knowledge, the agent, who was only an agent for soliciting and taking applications, sent the application to his company. The company issued a policy and forwarded it by mail to plaintiff. The fire occurred at about three o'clock in the morning and that afternoon about four o'clock plaintiff's hired man brought him his mail from the postoffice in which was a letter inclosing the policy. Plaintiff started out next morning to find the agent, who resided in an adjoining county, to turn the policy over to him as he had not sent him the written assent of this defendant as agreed. Not finding the agent at home he returned, getting back after night. He then learned that the agent was in the house in bed. Next morning he gave the policy to the agent, stating that it amounted to nothing as there had been no consent obtained from this defendant, and that it was issued in violation of the agreement. This policy,

so given over to the agent, appears next in the hands of the adjuster who procured a release from plaintiff and returned him his note, the plaintiff however disclaiming any interest in the policy.

The important question presented by the foregoing facts, is whether the application was put into the possession of the agent as an escrow; or, rather, could it be delivered to the agent as an escrow; for the intent and aim of the plaintiff manifestly was to so deliver it. It is generally stated that a delivery of a deed to a grantee, or even to his agent, with conditions attached, amounts to a complete delivery, notwithstanding the conditions are not complied with. But in so far, at least, as this statement relates to an agent it will bear qualification. If the agent is such an one as that his acting as custodian of the deed or paper is not antagonistic to his principal's interests, and the paper is put in his hands, not as a delivery but as a custodian, there is no reason why he should not be permitted to so act for both parties, as well as a stranger. The duties owing by this agent to his insurance company were in no wise incompatible with the obligation he assumed for this plaintiff. When such is the case he may hold a deed or contract in escrow for both parties. Mr. Bishop, in his work on contracts, section 356, states that the attorney for the grantee in a deed may properly hold the deed in escrow. In *Railroad v. Iliff*, 13 Ohio St. 235, it is pointedly decided that the agent of one party is not incapacitated from becoming the depositary of an escrow. That the phrase "a stranger," or, "a third person," as used in defending the depositary of an escrow, may mean "a person so free from any personal or legal identity with the parties to the instrument, as to leave him free to discharge his duty as a depositary, to both parties without involving a breach of duty to either." The application having been delivered in vio-

lation of the trust reposed in the depositary, the delivery was void.    Bishop on Contracts, sec. 358.

The trial court gave instructions for plaintiff in keeping with the foregoing views of the law, and since the verdict was for the plaintiff we will hold that no further insurance was taken by plaintiff and that the provision of the policy sued on was not, in this respect, violated.

Proofs of loss were introduced by plaintiff.   A part of the proofs consisted of the affidavit of two neighbors of plaintiff who knew of the property and of the fire, the loss of the property and its value.    They stated "that the date of the fire, the loss and damages and value therein (in plaintiff's affidavit of loss) set forth are true."    Objection was made by defendant to reading these affidavits as a part of the proofs of loss.    Evidence of the proofs of loss is not admitted for the purpose of establishing the value of the property.    It is admitted in order to show a compliance with the terms of the policy.    Such proofs contain a statement of the value of the property, and the plaintiff himself is required by this policy to state the value.    If the policy did not require the statement of value by any other affiant than plaintiff, it may be that it was improper to admit the two affidavits of the neighbors referred to.    But they stated only what had been already stated by plaintiff— they adopted plaintiff's statement—this, in connection with the fact that no *issue was made on the trial* as to the value of the property or the amount of the loss, makes the admission of the affidavits altogether harmless.    Defendant's answer, being in part a general denial, made an issue as to the loss and the amount thereof, but on the trial such issue may be said to have been abandoned, since defendant not only failed to introduce evidence tending to contradict plaintiff's valuation, but failed to cross-examine plaintiff's witnesses

on the matter; in other words, failed to mention the matter of amount or value of. property lost throughout the trial. No harm was done defendant and we rule the point against it.

The evidence of conversations after the fire with the agent of the other insurance company who had held plaintiff's application to that company, related to the question of how that application was obtained from plaintiff and for what purpose, and also to the question of his acceptance of the policy which came to him through the mail. It was properly admitted.

We cannot adopt the criticism which defendant makes of instruction number 1, given by the court of its own motion. It does not authorize a verdict for plaintiff notwithstanding he may have accepted the policy for additional insurance from the other company. The instruction especially refers to another instruction given in which such phase of the case is explained to the jury. The other instructions were unexceptionable.

A consideration of other objections made to the rulings of the trial court has satisfied us that no injury has resulted to defendant, and we affirm the judgment. All concur.