Hillsborough, } No. 3031.
Feb. 7, 1939. }

### ANN REYNOLDS McCABE

*v.*

### HARTFORD ACCIDENT & INDEMNITY COMPANY & a.

*John J. Sheehan* and *William L. Phinney* (*Mr. Phinney* orally), for the plaintiff.

*Demond, Woodworth, Sulloway, Piper & Jones* (*Mr. Franklin Hollis* orally), for the Hartford Accident & Indemnity Company.

*Paul E. Nourie* (by brief and orally), for the Standard Accident Insurance Company.

MARBLE, J. "Insurance brokers are those who effect insurance

for their employers and act as middlemen between the insurer and insured." 1 Rapalje & Lawrence's Law Dictionary, 154. See, also, *Davis* v. *Insurance Co.*, 67 N. H. 335.

"The insurance broker is ordinarily employed by the person seeking the insurance, that is by the insured, and when so employed is to be distinguished from the ordinary insurance agent, who is commissioned and employed by the insurance company to solicit and write insurance by and in the company. The former is the agent of the insured; the latter is the agent of the insurers.

"It is, of course, entirely possible for the insurer, *e. g.*, the insurance company, though having regularly appointed agents to also employ brokers upon particular occasions and in that event the broker will be primarily the agent of the insurer. . . .

"It is also possible for an insurance broker, though first employed by one party, to become, during the progress of the negotiations, the agent of the other; and in that event, he may acquire rights, have powers and incur obligations with respect of both insurer and insured." 2 Mechem, Agency (2d *ed.*), s. 2366.

The foregoing principles of law may be readily applied to the facts of the present controversy. It is undisputed that Sheehan was the holder of an insurance broker's license under the provisions of P. L., c. 275, s. 28. In negotiating the policy of insurance with the Standard company he was acting as the plaintiff's agent. The plaintiff expected that the policy she held might be replaced by another. She "did not care what company carried the risk" and was willing to let Sheehan make the change. Sheehan stated without objection that he understood that he had "general authority to place this insurance anywhere" and purported to act in the plaintiff's behalf.

Shaw was also an insurance broker, and the Standard company, by placing the plaintiff's policy in his hands "with instructions not to deliver it pending further investigation," thereby constituted him a depositary for the purpose of holding the policy and delivering it only when the condition had been fulfilled.

Although Sheehan testified that his understanding of the transaction was that the policy should be effective when issued, and that the only reason for withholding delivery to the plaintiff was to save the bother of "picking up" the policy in case cancellation later became advisable, this was not the only conclusion fairly to be drawn from the evidence. It could also be found that the policy was entrusted to Shaw in escrow, to take effect only after the Standard

company had completed its investigation of the risk. "There is no doubt that a policy of insurance may be made out complete, in all its forms, and upon its face taking effect from the date therein mentioned, but with an understanding that it should not become operative and binding upon either party until the happening of some certain event." *Atlantic &c. Ins. Co.* v. *Goodall*, 29 N. H. 182, 193.

The trial court has found, in effect, that such was the situation here. The Hartford company does not question this finding. On the contrary, it makes the following concession in its brief: "It is of course obvious that until this policy was delivered to and accepted by Mrs. McCabe it was not an effective insurance policy."

The court erred, however, in predicating liability upon the plaintiff's ignorance of the condition on which the policy was placed in Shaw's and in Sheehan's hands. A deed deposited with a third person, to be held by him and not delivered to the grantee until some other thing is done, will have no validity until that thing is accomplished, even though the depositary in violation of his duty to the grantor delivers the deed to the grantee who takes it in good faith and in ignorance of the condition imposed. *Smith* v. *Bank*, 32 Vt. 341. See, also, *Bickford* v. *Daniels*, 2 N. H. 71, 74; *Ela* v. *Kimball*, 30 N. H. 126, 133.

It may be objected that the depositary here was the plaintiff's agent and not a third person, the existence of the agency being inferred from the fact that the plaintiff must have understood that the procurement of insurance for her would be difficult on account of the hazard insured against and that, therefor, the successful accomplishment of Sheehan's undertaking might well require the services of another broker.

But the fact that Shaw, in applying to Sadler for the policy in question, may have been acting as the plaintiff's agent did not preclude him from also acting as custodian of the policy at Sadler's request. The general rule that an instrument cannot be deposited as an escrow with the agent of the grantee does not apply if the agent's relation to his principal is such that his acting as custodian of the document involves no violation of his duty to the grantee. 10 R. C. L. 631; 21 C. J. 877; *Note, Ann. Cas.* 250, 251. See, also, *Federal Ins. Co.* v. *Sydeman*, 82 N. H. 482, 484. Nor should the result be otherwise merely because the depositary of the instrument is an agent to procure it. *Alabama &c. Co.* v. *Company*, 165 Ala. 304, 307. "In many business transactions the same person frequently

acts as agent for both of the parties under specific instructions from each as to his duties, and when the nature of the employment or transaction is such that he can faithfully discharge his obligations to the one without conflicting with his fidelity to the other." *J. I. Case &c. Co.* v. *Barnes*, 133 Ky. 321, 332, 333.

The fact that Shaw was acting for both the insurer and the insured did not mean that he was thereby assuming incompatible duties. It was not his duty to obtain a policy for the plaintiff by hook or by crook. He could be faithful to both the plaintiff and the insurance company by holding the policy on the stipulated condition. This, however, he failed to do, and the policy "having been delivered in violation of the trust reposed in the depositary, the delivery was void." *Price* v. *Insurance Co.*, 54 Mo. App. 119, 123, 124.

Sheehan was the agent of the Hartford company, and in matters relating to the issuance and attempted cancellation of the Hartford company's policy that company was charged with knowledge of all facts known to him. *Ostroff* v. *Hustis*, 80 N. H. 141, 143, and cases cited.

Although a policy may be canceled by mutual consent without a formal surrender of the policy by the insured or a tender of the unearned premium by the insurer (32 C. J. 1244), the findings in the present proceeding do not warrant a ruling that the Hartford policy was ever canceled. The plaintiff accepted the Standard company's policy on Sheehan's representation that it replaced the Hartford policy and was "new coverage." There is no claim that the plaintiff intended to consent to the substitution of the new policy for the old unless the new policy was valid and in force. While the court has found that Sheehan knew that "the McCabes did not care what company carried the risk," he has also found that Sheehan knew that they did not intend to be uninsured.

It is unnecessary to decide whether the plaintiff's car was registered in her name within the meaning of P. L., c. 100, ss. 1, 2, 5 (see *Bacon* v. *Railway*, 256 Mass. 30), since Sheehan, at the time he obtained the policy from the Hartford company, was fully aware that the car was registered in the plaintiff's maiden name.

The general conclusion of the trial court is unwarranted by the special findings. The Standard company excepted to the ruling that its policy was valid and binding and that the Hartford policy was not. The prayer of the petition is that "one or the other or both of these two insurance companies be found liable for coverage."

The issues have been fully tried. The special findings, which are supported by the evidence, comprise all facts necessary to be found, and on those findings but one conclusion can properly be reached. Under these circumstances a new trial is not required.

*Judgment for the plaintiff against the Hartford Accident & Indemnity Company.*
*Judgment for the Standard Accident Insurance Company.*

All concurred.