### ANTONIO SERAFINO *v.* BOSTON CASUALTY COMPANY.

*Hughes & Burns (Mr. Walter A. Calderwood, Jr.,* orally), for the plaintiff.

*Hamblett & Hamblett, Robert F. Griffith,* and *Samuel D. Warren (Mr. Robert B. Hamblett* orally), for the defendant.

MARBLE, J. The defendant contends that the plaintiff's recovery is limited to the sum of $125 by virtue of a special provision of the policy. This provision, so far as material, is as follows: "In the event of disability due wholly or in part, directly or indirectly, to . . . any chronic disease, the limit of time for which indemnity shall be payable shall be one month in any one policy year." The policy provides for a monthly illness indemnity of $100 and an indemnity for hospital confinement of one-fourth that sum. The question of the applicability of the special provision to the evidence is raised by appropriate requests for findings of fact and rulings of law, all of which were denied subject to exception. A chronic disease is defined as a disease of long standing. 7 Words and Phrases (7th *ed.*), 154.

On July 4, 1938, the plaintiff suffered a severe attack of pain in his abdomen. This pain was caused by the presence of impacted gallstones and the consequent inflammation of the gall bladder. Two operations were performed, the first to remove the gallstones, the second to remove the gall bladder itself.

The defendant's testimony tended to prove that the plaintiff's disability was "an acute phase" or "flare-up" of a chronic trouble. One of the physicians called by the defendant testified: "Inasmuch as gallstones do not form in a short period of time, their presence always indicates a chronic condition, a chronic disease of the gall bladder."

Acceptance of this view is indicated by the finding of the trial court that "It must be conceded that a gall bladder condition such as plaintiff was suffering from was chronic." The conclusion that "the chronic disease did not cause the plaintiff any disability" has reference to the immediate cause of the disability and fails to consider the express terms of the special provision. There can be no question but that the plaintiff's disability was due "in part" at least to what the court has found to be a chronic disease. Inasmuch as this is the only conclusion that can properly be reached in view of that finding, and since the defendant concedes that the plaintiff is entitled to the full amount of the benefits recoverable under the special provision, a new trial is not required. *McCabe* v. *Company*, 90 N. H. 80, 87.

The order is

*Judgment for the plaintiff for $125.*

BURQUE, J., did not sit: the others concurred.