Hillsborough,
No. 5727.

ARTHUR PELLETIER & *a.*

*v.*

AUCLAIR TRANSPORTATION, INC.

Argued November 6, 1968.
Decided March 4, 1969.

*Porter & Hollman (Mr. Philip S. Hollman* orally), for the plaintiffs.

*Wadleigh, Langdell, Starr, Peters & Dunn* and *William H. Kelley (Mr. Kelley* orally), for the defendant.

PER CURIAM. This is a bill in equity brought by the plaintiffs to correct and modify an arbitration award. RSA 542:8. Defendant's motion to dismiss was denied by the Trial Court (*Loughlin,* J.) who reserved and transferred the defendant's exception in advance of a trial on the merits.

The plaintiffs' petition alleges that they were members of Chauffeurs', Teamsters', & Helpers Local Union #633 which had entered into a bargaining agreement with the defendant effective January 1, 1958, expiring April 14, 1962. The agreement provided for the settlement of grievances by arbitration expressly subject to the provisions of RSA ch. 542.

Grievances of both plaintiffs against the defendant were submitted to the arbitration board and on July 9, 1959 the board in the case of both plaintiffs issued orders that provided in part that the defendant would make the plaintiffs whole for such earnings opportunities as may have been available to them under

the terms of the agreement. The board further ordered the defendant to report within ten days to the board of what settlement had been made in the matter.

No settlement was made by the defendant and following the filing of a petition in the Superior Court by the plaintiffs to enforce the arbitration order against the defendants a new stipulation dated June 27, 1963 was entered, under which the matter was referred to the original board "for a determination of the amount due Arthur Pelletier and Henry Corriveau."

A hearing was held before the board on December 21, 1965 which then issued the following order: "The awards in favor of Corriveau and Pelletier are now determined to be in the net amounts of $1000 (one thousand dollars) for H. Corriveau and $1000 (one thousand dollars) for A. Pelletier as the full and complete amount due as a final settlement of this matter." There was no transcript of the evidence before the board.

The present petition was brought on December 16, 1966 and alleges that the board by its order exceeded the authority of the stipulation and made a compromise settlement by its awards rather than determining and assessing the actual amounts due to the plaintiffs. In support of this contention and the further claim that the board fell into plain mistake the plaintiffs allege that they had presented evidence that Pelletier was due $9,209.94 and Corriveau $7,683.25. They further allege that defendant's evidence showed plaintiffs were entitled to more than $1,000 each.

The defendant's motion to dismiss was grounded on the claim that the plaintiffs were barred by RSA ch. 542 from a review of the findings of fact by the board or a trial *de novo*.

The petition is properly considered by both parties as an application to the Superior Court under RSA 542:8 brought within the time allowed. The authority of the Superior Court to correct, modify or vacate an arbitration award is limited by RSA 542:8. This section permits the court to correct or modify the award for plain mistake, or vacate it for fraud, corruption, or misconduct, or on the ground that the arbitrators have exceeded their powers.

The plaintiffs argue that the arbitrators exceeded their authority when they found in even amounts and the same amount for both plaintiffs, when the submission to arbitration was limited

to a determination of the exact amounts owing to them under the original award. We do not agree that the submission to arbitration requires this interpretation, and the statutory limitations upon review of arbitration awards militate against an interpretation of the submission which would upset the awards in this case. See *United Steelworkers of America* v. *Enterprise Corp.*, 363 U. S. 593; *Morceau* v. *Gould National Batteries, Inc.*, 344 Mass. 120. Interpretation of the submission contract is not solely for the court since the arbitrators are first charged with interpreting the scope of this and the courts should not be too hasty to find their interpretation in error. *Southwestern Trans. Co.* v. *Durham*, 102 N. H. 169, 176, 177.

We hold that the submission to determine the amount due each plaintiff was a general one which conferred broad powers both as to law and fact and which permitted the arbitrators to decide upon "principles of equity and good conscience." *Franklin Needle Co.* v. *Labor Union*, 99 N. H. 101, 104, 105. Therefore even if they did base the awards upon equity and good conscience they would have neither mistaken nor exceeded their powers.

*Defendant's exception sustained.*