Grafton
No. 79-062

NEW HAMPSHIRE INSURANCE COMPANY

v.

JACQUELINE M. SCHOFIELD & *a*.

August 20, 1979

*Hinkley & Donovan*, of Lancaster (*Walter D. Hinkley* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch*, of Manchester (*E. Donald Dufresne* orally), for the St. Paul Fire & Marine Insurance Co.

GRIMES, J.   The question in this declaratory judgment action is whether the trial court erred in ruling that the St. Paul Fire & Marine Insurance Co., and not the plaintiff company, provided coverage for the accident in which defendant Jacqueline M. Schofield was injured on premises owned by defendants Neil A. Cowan and Ross V. Deachman.

Neil A. Cowan and Ross V. Deachman, d.b.a. Nero Realty, owned a large set of buildings in the town of Rumney. Part of the premises was a large barn, the ground floor of which was converted to a restaurant. On the second floor of the barn were living quarters and above that an attic which was reached through a trap door in the ceiling of the hallway of the second floor.

In January 1975, the owners leased to Clifford Wallshein and Roger Beinish the "first and second floors of what was formerly the barn section of the buildings together with two rooms off the dining room area." The lessees were to have the use of certain equipment and of the walk-in and upright freezer. Article VI, paragraph G of the lease required the lessees to obtain public liability insurance with the lessors as additional insureds. Defendant St. Paul Fire & Marine Insurance Co. (hereinafter St. Paul) issued a policy to the lessees with the Description of Hazards designated "Premises—Operations, Restaurant," and the lessors, Cowan and Deachman, were named as additional insureds.

Plaintiff issued to the owners an Owners', Landlords', and Tenants' liability policy on the whole premises. The policy contained an endorsement which provided: "In consideration of the premiums charged, it is hereby agreed that premises liability coverage as afforded by this policy does not apply to restaurant operations."

Wallshein was conducting a restaurant business on the leased premises on December 19, 1976. Defendant Jacqueline Schofield was employed in the restaurant and was living with Wallshein on the second floor of the leased premises. She was told to find the restaurant's Christmas decorations and decorate the restaurant. Believing that the decorations were in the attic on the third floor, where she and Wallshein kept both personal and restaurant items, she went to the trap door that led to the attic. She put up a ladder, which she found lying nearby, and pushed open the trap door and entered the attic. After failing to find the decorations, she began to climb down the ladder. She claims to have been injured when the trap door fell on her fingers. She brought suit against the owners alleging that the trap door was defective and unreasonably dangerous, and that the owners had failed to warn her of the door's dangerous condition.

Plaintiff filed this petition for declaratory judgment, RSA 491:22, seeking a decree that it was not obligated to defend or pay any judgment because of the restaurant operations exclusion. St. Paul answered and prayed that it be decreed that it was not obligated to defend or pay any verdict arising out of the accident, but that plaintiff be adjudged to be so obligated.

The matter was heard without a jury by *Johnson*, J. The court found that the owners could reasonably expect that the tenants would use the attic for storage of personal and restaurant effects, that Schofield was an employee of Wallshein, and that "she was engaged in restaurant operations at the time of her accident." The court granted plaintiff's request for a finding that "Miss Schofield's injury arose out of a restaurant operation," and ruled that St. Paul's policy provided coverage but that plaintiff's policy, because of its exclusion relating to "restaurant operations," did not. St. Paul's exceptions were transferred to this court.

## I. *Plaintiff's Coverage*

The first issue presented is whether the trial court erred in ruling on the facts of this case that the restaurant operations exclusion in plaintiff's policy absolved plaintiff of all responsibility to the insureds Cowan and Deachman. A careful review of the record convinces us that the trial court did err.

"It is well settled that the interpretation of an insurance policy is for this court and that the test in this jurisdiction is what a reasonable person in the position of the insured would understand the policy to mean." *Sun Insurance Co. v. Hamanne*, 113 N.H. 319, 321, 306 A.2d 786, 788 (1973); *Hanover Insurance Co. v. Grondin*, 119 N.H. 394, 397, 402 A.2d 174, 176 (1979). *See generally* R. KEETON, INSURANCE LAW § 6.3(a) (1971). In the case of an express exclusion, the question is "whether the ordinary layman in the position of the insured could reasonably be expected to understand that certain exclusions qualified the policy's grants of coverage." *Commercial Union Assurance Cos. v. Gollan*, 118 N.H. 744, 745, 394 A.2d 839, 841 (1978); *Brown v. City of Laconia*, 118 N.H. 376, 386 A.2d 1276 (1978); *see Olszak v. Peerless Insurance Co.*, 119 N.H. 686, 406 A.2d 711 (1979).

Plaintiff's policy states in typical fashion that it covers "all sums which the insured shall become legally obligated to pay damages because of bodily injury . . . to which this insurance applies, *caused by* an occurrence and arising out of the ownership . . . of the insured premises." (Emphasis added.) The exclusion provides only that the

premises liability coverage "does not apply to restaurant operations." Reading the two provisions together, we conclude that the "reasonable person in the position of the insured" would expect coverage for all accidents on the premises except those caused by restaurant operations. *Interstate Fire & Casualty Co. v. Lee Raceway, Inc.*, 113 N.H. 593, 596, 311 A.2d 307, 309 (1973).

The trial court's finding that Schofield was engaged in restaurant operations at the time of her injury is supported by the record. The question is not, however, whether Schofield was injured while engaged in a restaurant activity, but whether the restaurant activity, or some other insured-against risk, was the proximate cause of her injury. *See Nassif Realty Corp. v. National Fire Insurance Co.*, 109 N.H. 117, 119, 244 A.2d 194, 196 (1968); *Huckins v. People's Mutual Fire Insurance Co.*, 31 N.H. 238, 247 (1855); R. KEETON, INSURANCE LAW § 5.5(b) (1971).

Schofield makes no claim that her injuries were caused by anything relating to restaurant operations. Her claim is that a defective condition in the trap door was the cause of the accident. Her suit against the owners of the house is based on their negligence as lessors in not maintaining the trap door in a safe condition, or, in the alternative, in not warning her of the danger.

We therefore cannot agree with the court's finding that Schofield's injury "arose out of" restaurant operations. The fact that she was engaged in duties that were restaurant-related merely put her where she was at the time of the accident. It furnished the occasion for the injury, but it did not *cause* the injury. *Cf. Terrien v. Pawtucket Mutual Fire Insurance Co.*, 96 N.H. 182, 185, 71 A.2d 742, 745 (1950) (upholding finding that the later and more direct of two concurring causes was the proximate cause of injury). *See also Heuer v. Northwestern National Insurance Co.*, 144 Ill. 393, 33 N.E. 411 (1893).

We hold that Schofield's injuries were not proximately caused by restaurant operations, and therefore that Schofield's claims do not trigger the restaurant operations exclusion. Plaintiff's policy provides coverage for any liability arising from the underlying claims.

## II. *St. Paul's Coverage*

The question remains whether St. Paul's policy also provides coverage to Cowan and Deachman. On the issue of St. Paul's liability, the trial court stated:

> [T]he St. Paul policy *covered all parts of the premises* used by Wallshein for restaurant purpose, and this includes the

attic area of the premises. The fact that the attic area was not specifically defined as a part of the leased premises does not mean that it was not covered by the St. Paul policy inasmuch as it would be reasonably expected by both the landlord and the tenant that an attic storage area would be used by the tenant when the tenant leases the two floors below the attic. (Emphasis added.)

As noted previously, an alleged defect in the premises and not a restaurant operation caused the injury to Miss Schofield. St. Paul's restaurant operations coverage, therefore, cannot be held to afford coverage in the instant situation. But St. Paul's policy also affords restaurant *premises* coverage. If the attic and trap door are properly considered within the scope of the term restaurant premises, coverage will follow.

■ In our opinion, the trial court correctly applied the "reasonable expectations rule" in determining that St. Paul's premises insurance covered the attic area, and hence the trap door. *Olszak v. Peerless Insurance Co.*, 119 N.H. 686, 406 A.2d 711 (1979); *Atwood v. Hartford Accident & Indemnity Co.*, 116 N.H. 636, 365 A.2d 744 (1976). On the facts presented, a reasonable person in the position of the additional insureds Cowan and Deachman would surely have expected coverage under a restaurant premises policy for accidents occurring on the premises in an area where it was reasonably foreseeable that restaurant operations would be carried on. The trial court's finding that St. Paul "could reasonably have anticipated that certain restaurant activities would be carried on outside the 1,200 square feet of the main restaurant area" is supported by the record. The court's ruling respecting St. Paul's liability was therefore correct, and St. Paul's exceptions to it are overruled.

*Exceptions sustained in part and overruled in part.*

All concurred.