Carroll
No. 80-322

NEW HAMPSHIRE INSURANCE COMPANY

v.

KAREN T. BELL, AS ADMINISTRATRIX OF THE
ESTATE OF JON C. BELL

March 6, 1981

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*David J. KillKelley* orally), for the plaintiff.

*James J. Kalled,* of Wolfeboro (*James B. Kazan* orally), for the defendant.

GRIMES, C.J. The issue in this case is whether a decision by an arbitration panel, which was rendered more than one year before we decided *Grimes v. Concord General Mutual Insurance Co.,* 120 N.H. 718, 422 A.2d 1312 (1980), and which is in direct conflict with

our holding in that case, is binding upon the parties to the arbitration proceeding. We hold that it is not and reverse the arbitrator's decision.

On March 24, 1978, the administratrix's husband, Jon C. Bell, was killed in an automobile accident caused by the negligence of an uninsured motorist. At the time of the accident, Bell was driving an automobile owned by him and insured under a policy issued by New Hampshire Insurance Company. Jon Bell was an additional insured under the policy. Two other vehicles were also covered under the same insurance policy. The policy provided uninsured motorist protection in the amount of $20,000 per person and $40,000 per occurrence for each vehicle, and a separate premium was charged for each vehicle.

The defendant sought to recover under the uninsured motorist provisions of the policy. The plaintiff claimed that $20,000 was the maximum amount recoverable under the policy. The defendant contended that she was entitled to stack the uninsured motorist benefits for a total recovery of $60,000. The parties agree that the damages exceed that amount.

The defendant then demanded arbitration pursuant to an arbitration clause in the policy providing in part that the insured "and the company each agree to consider itself bound or to be bound by any award made by the arbitrators. . . ." In September 1979, a panel of three arbitrators awarded the defendant $60,000. The plaintiff petitioned the Superior Court (*Temple*, J.) to have the award either modified "for plain mistake" or vacated "on the ground that the arbitrators have exceeded their powers." RSA 542:8. On July 2, 1980, the court confirmed the arbitration award. The plaintiff excepted to the court's decree and appealed to this court pursuant to RSA 542:10.

On November 13, 1980, we decided *Grimes v. Concord General Mutual Insurance Co.*, in which we held that an insured, such as the defendant, is not entitled to stack the uninsured motorist benefits contained within a single policy that insures more than one vehicle. 120 N.H. at 724, 422 A.2d at 1316. The relevant language of the uninsured motorist section of the policy in this case is identical to that contained in the uninsured motorist provision at issue in *Grimes*. Because the arbitrators reached a result contrary to that reached in *Grimes*, the plaintiff contends that the decision of the arbitrators must be reversed. We agree.

 Under RSA 542:8, the superior court may modify or correct an arbitration award for plain mistake. *Pelletier v. Auclair Transp. Co.*, 109 N.H. 302, 303, 250 A.2d 834, 835 (1969). In this context, the words "plain mistake" refer both to mistakes of fact and mistakes of law. *See Sanborn v. Murphy*, 50 N.H. 65, 69 (1870). An award may be set aside on the ground "that the arbitrators were mistaken in point of law . . . [when] the court . . . [is] clearly satisfied that they would not have made such an award had they known what the law was." *Piersons v. Hobbes*, 33 N.H. 27, 31 (1856); *see Sanborn v. Murphy, supra* at 71.

██ In this case, the only issue addressed by the arbitrators was whether intra-policy stacking of the uninsured motorist benefits was permissible under the policy issued to the defendant. This purely legal issue is ultimately for this court to determine. *See Connolly v. Galvin*, 120 N.H. 219, 221, 412 A.2d 428, 429 (1980); *N.H. Insurance Co. v. Schofield*, 119 N.H. 692, 694, 406 A.2d 715, 717 (1979). In these circumstances, we are satisfied that the arbitrators would not have awarded the defendant $60,000 had their decision been rendered after we decided *Grimes v. Concord General Mutual Insurance Co. supra.* Consequently, the award is subject to modification for plain mistake under RSA 542:8.

Under *Grimes supra*, the defendant is entitled to recover only $20,000 under the uninsured motorist provisions of the policy, and the arbitrators' award is modified accordingly.

*Exceptions sustained; reversed.*

DOUGLAS, J., concurred specially; the others concurred.

DOUGLAS, J., concurring specially: I continue to adhere to my dissent in *Grimes v. Concord General Mutual Insurance Co.*, 120 N.H. 718, 422 A.2d 1312 (1980), and believe that case to have been wrongly decided. However, recognizing that case as binding on all of us, I concur in this case.