Hillsborough
No. 81-087

PETER J. FLOOD & a.

v.

HENRY E. CARON & a.

January 20, 1982

*Kevin F. Sullivan*, of Nashua, by brief for the plaintiffs.

*Winer, Lynch & Pillsbury*, of Nashua (*S. Robert Winer* on the brief), by brief for the defendants.

PER CURIAM.   The question in this case is whether the Superior Court (*Cann*, J.) erred in approving the decision of arbitrators who approved a fourth mortgage as security under an agreement of the parties. We affirm.

On September 17, 1976, the defendants, Henry E. Caron and Ann Caron, sold the Laton House, a hotel in Nashua, to the plaintiffs, Peter J. Flood and David A. Gregg, III, and took back a note and first mortgage in payment of the purchase price. Under the agreement of the parties, the sellers agreed to subordinate their mortgage on request, provided that subordination was "reasonably required to secure the remaining principal indebtedness. . . ." In the event of subordination, the purchasers agreed to furnish "additional security which may be a second mortgage on other real property of the Purchasers." The agreement of the parties also contained an arbitration clause which provided for three arbitrators whose majority decision would "be final and binding upon the parties hereto."

Sometime after the purchase, the plaintiffs wanted to make improvements to the property. Consequently, they requested subordination of the defendants' mortgage and offered, as additional security, a fourth mortgage on other property owned by them. The

defendants refused the security offered by the plaintiffs, and therefore, the plaintiffs brought the dispute to arbitration.

After a hearing, the arbitrators unanimously found that additional security was required under the agreement, but that "the proposed fourth mortgage on the Hammer Building would be adequate additional security." At the request of the defendants, the arbitrators again considered the dispute and unanimously reaffirmed their prior decision, stating that they construed the agreement "as not limiting additional security to a second mortgage."

After the defendants refused to comply, the plaintiffs petitioned the superior court for confirmation of the arbitrators' decree. The trial court found that the parties had agreed to a general unrestricted submission of their dispute to arbitration and that the arbitrators were the judges of both the facts and the law. Concluding that the arbitrators had not exceeded their authority, the trial court affirmed the decree. The defendants appealed to this court.

The defendants claim that the decision of the arbitrators is not conclusive and that it should be set aside because of mistake and because the arbitrators exceeded their authority. The defendants rely on *N.H. Ins. Co. v. Bell*, 121 N.H. 127, 427 A.2d 27 (1981) and RSA 542:8.

■ RSA 542:8 authorizes the superior court to modify or correct an award for plain mistake and to vacate the award if the arbitrators exceeded their authority. In *Bell*, this court stated that the definition of plain mistake includes mistakes of law and mistakes of fact. *N.H. Ins. Co. v. Bell*, 121 N.H. at 129, 427 A.2d at 28. In *Bell*, the arbitrators had allowed the stacking of uninsured motorist benefits contained in a single policy that provided insurance for more than one automobile. *Id.* at 128, 427 A.2d at 28. Although the award was made prior to our decision in *Grimes v. Concord Gen'l Mut. Ins. Co.*, 120 N.H. 718, 723–24, 422 A.2d 1312, 1315–16 (1980), in which we held that stacking was not permitted, the relevant language of the policies in the two cases was identical, and we concluded that the arbitrators in *Bell* would not have made the award "had they known what the law was." *N.H. Ins. Co. v. Bell*, 120 N.H. at 129, 427 A.2d at 28 (citation omitted).

■ In the instant case, the arbitrators heard the parties, considered the evidence and concluded that the parties' agreement intended to guarantee adequate security, but that the required security was not limited to a second mortgage. The arbitrators concluded that the fourth mortgage gave adequate additional security. We cannot say that the finding was error. No case has

been decided which construes the exact language of such an agreement so as to establish, as in *Bell*, that the decision was "clearly wrong" or was the result of "plain mistake."

██ Furthermore, we cannot conclude that the arbitrators exceeded their power. The interpretation of their power under an agreement is a task for the arbitrators in the first instance, and "courts should not be too hasty to find [the arbitrators'] interpretation in error." *Pelletier v. Auclair Transp. Co.*, 109 N.H. 302, 304, 250 A.2d 834, 836 (1969). We cannot say that the submission to arbitration in this case was not a general one, as found by the trial court, allowing the arbitrators to exercise "broad powers both as to law and fact . . . [and permitting] the arbitrators to decide upon 'principles of equity and good conscience.'" *Id.* at 304, 250 A.2d at 831 (citation omitted).

*Affirmed.*