Belknap
No. 78-006

DANA BROWN

v.

CITY OF LACONIA & *a.*

May 17, 1978

*Rinden P.A.*, of Concord (*Stephen R. Goldman* orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.* orally), for the defendant Royal Globe Insurance Company.

GRIMES, J. The question in this declaratory judgment action is whether coverage for losses from "Street cleaning including snow removal," for which a separate premium was paid, is limited by an exclusion of claims based on the ownership, maintenance, existence or use of, or the existence of any condition in highways. The exclusion, if valid, would bar coverage of plaintiff's claim that he was injured in an accident caused by the negligent failure of the city to remove ice and snow from the highway.

According to an agreed statement of facts, plaintiff was in an automobile accident on Elm Street, a public way in Laconia, on December 3, 1972. He brought suit against the city to recover for property damage and personal injuries, claiming that the city negligently allowed a known slippery, hazardous condition to remain by failing to remove ice and snow. The defendant Royal Globe Insurance Company had in force a comprehensive general liability policy in favor of the city. One of the hazards insured against, for which a separate charge was made, was "Street cleaning including snow removal." Twenty-five pages later in the policy agreement there is an "Exclusion of Streets and Sidewalks" endorsement in which it is "agreed that this insurance does not apply to any claim for damages which arise out of or is in any way caused by

A. THE OWNERSHIP MAINTENANCE EXISTENCE OR USE OF OR THE EXISTENCE OF ANY CONDITION IN HIGHWAYS ROADS STREETS SIDEWALKS TRAFFIC CONTROL DEVICES OR SIGNS REFUSE RECEPTACLES STREET DECORATIONS FIRE HYDRANTS SIDEWALK BENCHES OR THE LIKE OR ANY ACT OR OMISSION IN CONNECTION WITH ANY OF THE FOREGOING BY ANY INDIVIDUAL OR DEPARTMENT

B. THE CONSTRUCTION OR REPAIR OF ANY OF THE FOREGOING UNLESS SUCH CONSTRUCTION OR REPAIR WORK IS COVERED BY THE POLICY AND THE ACCIDENT OCCURS BY REASON OF THE WORK AND WHILE IT IS ACTUALLY IN PROGRESS"

The company denied coverage, and the city pleaded governmental immunity. The plaintiff brought this action to have the coverage question determined and *Keller*, C.J., transferred all questions without ruling.

■ Pursuant to RSA 412:3 (Supp. 1977), the city loses its immunity up to the limit of insurance coverage on any risk insured against.

■ The well-established rule in this State is that insurance policies are interpreted from the standpoint of the average layman "in light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured." *Aetna Ins. Co. v. State Motors*, 109 N.H. 120, 125, 244 A.2d 64, 67 (1968). The burden of proof on the issue of coverage is on the insurance company pursuant to RSA 491:22-a (Supp. 1977). Contrary to the contention of the company, that statute is not confined to disputes between the insured and the company, but applies to any "claimant asserting the coverage."

We have little question but that the ordinary person would believe that the description of the hazard "street cleaning including snow removal" includes claims based on a negligent failure to clean the streets and to remove the snow, and would therefore cover the accident in question in this case. We do not understand the defendant company to seriously contend otherwise, absent the exclusionary clause relied on. The question then is whether the exclusionary clause would be understood by the average person to exclude from coverage claims based on a negligent failure to remove snow from the streets. In our opinion, it would not.

■ The hazard of "snow removal" was specifically included in the coverage and a separate premium paid therefore. If the exclusionary clause is given the meaning urged by the company, it would remove from coverage the very hazard for which a specific charge was made. The ordinary person would not so understand the exclusion. The average person, considering the specific coverage for snow removal, would understand the exclusion to relate to defects *in* the highways themselves and not to a negligent failure to remove snow and ice that is *on* the highways. He would not think that the major, if not the only, hazard for which the specific premium was paid would be removed by the exclusion. *See Atwood v. Hartford Accident & Indem. Co.*, 116 N.H. 636, 365 A.2d 744 (1976).

The company argues that the exclusion was intended to limit the snow removal coverage to injuries arising out of the actual work of removing snow. It cites the example of a snowplow operator causing damage in the process of plowing snow. But snowplows are automobiles within the definition of the policy, and injuries arising out of their operation are excluded from the policy coverage.

We need not speculate about what other possible area of coverage, if any, would be left it the exclusion means what the company claims it means. If the company intended the snow removal hazard to have the narrow meaning it now urges, it should have used plainer language in its description of the hazard. No reasonable person would believe that the clearly and broadly defined hazard of snow removal for which a specific premium was charged would for all intents and purposes be eliminated by the exclusion relied on here. *See Lumbermen Mut. Cas. v. Pattee*, 108 N.H. 298, 234 A.2d 537 (1967). We hold that the policy covers the plaintiff's claim.

*Remanded.*

All concurred.