Belknap
No. 78-175

COMMERCIAL UNION ASSURANCE COMPANY

v.

GILFORD MARINA, INC.
GEORGE JOYCE AND FRANK CANNAVINO

November 14, 1979

*Devine, Millimet, Stahl & Branch*, of Manchester (*David H. Barnes* orally), for the plaintiff.

*David M. Copithorne*, of Laconia (by brief and orally), for the defendant, Gilford Marina, Inc.

BROCK, J. This is a petition for declaratory judgment under RSA 491:22. Commercial Union Assurance Company seeks to determine its obligations under a "Special Multi-Peril" insurance policy issued to Gilford Marina, in regard to an action brought against Gilford Marina by George Joyce and Frank Cannavino, alleging negligence and breach of warranty.

The case is submitted on an agreed statement of facts. During the winter of 1975–1976, Joyce and Cannavino stored their forty-three foot Chris Craft Motor Yacht at the Gilford Marina. The owners requested that certain repairs be performed. It is their contention that Gilford Marina failed to perform the repairs in a workmanlike manner and that this negligent failure to properly repair the vessel caused further damage. The Master (*Walter L. Murphy*, Esq.) found that Commercial Union was obligated to defend the action and, if the allegations in the complaint were established, to provide coverage up to limits of the policy. The Court (*Keller*, C.J.) approved the master's recommendation. We affirm.

In the liability section of the policy issued to Gilford Marina, Commercial Union agreed to

> pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . property damage . . . caused by an occurrence and arising out of the ownership, maintenance, or use of the insured

premises *and all operations necessary or incidental to the business of the named insured.* (Emphasis added.)

The policy then goes on to exclude certain areas of coverage. Exclusion (a) of the policy provides that "[t]his insurance does not apply . . . to liability assumed by the insured under any contract . . . but this exclusion does not apply to a . . . warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner." Gilford Marina contends that the broad coverage provided by the liability section, coupled with exclusion (a), would lead a reasonable person in the position of the insured to conclude that property damage caused by unworkmanlike repairs is covered under the policy.

Commercial Union denies coverage on the basis of two other exclusions which state that:

[t]his insurance does not apply . . . (k) to property damage to . . . (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control . . . (o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

■ This case presents a familiar issue, namely, "whether the ordinary layman in the position of the insured could reasonably be expected to understand that certain exclusions qualified the policy's grants of coverage." *Commercial Union Assurance Cos. v. Gollan*, 118 N.H. 744, 745, 394 A.2d 839, 841 (1978). The burden of proving noncoverage is on the insurer. RSA 491:22-a (Supp. 1977).

■ In reconciling contradictory clauses in insurance policies, we must adopt the interpretation which most correctly reflects the reasonable expectations of the insured. *Brown v. City of Laconia*, 118 N.H. 376, 386 A.2d 1276 (1978). In so doing, the test is "whether the ordinary layman in the position of the insured could reasonably be expected to understand that certain exclusions qualified the policy's grants of coverage." *Commercial Union Assurance Cos. v. Gollan*, 118 N.H. 744, 745, 394 A.2d 839, 841 (1978). In *Gollan* this court had to determine the effect of these same exclusions in a similar Commercial Union policy. A majority of the court found exclusion (a) and exclusion (o) to be "irreconcilable" and held that exclusion (a) controlled. *Id.* at 748, 394 A.2d at 842. The same result obtains with even greater force

where, as here, the liability section of the policy provides coverage for "all operations necessary or incidental to the business of the named insured" and the insurer knows that its insured is in the business of repairing watercraft.

■ Commercial Union next contends that the care, custody and control exclusion (k)(3) relieves it of its obligations under the policy. Commercial Union argues that this exclusion prevents the insurer from becoming a guarantor of the insured's workmanship. In other words, Commercial Union seeks to use the general language in the care, custody and control exclusion to achieve a result it could not achieve by the explicit language of exclusion (o). To the extent that the care, custody and control exclusion conflicts with exclusion (a) it is ineffective. *See Gollan,* 118 N.H. 744, 394 A.2d 839 (1978).

■ If Commercial Union did not intend to provide coverage for property damage caused by Gilford Marina's failure to perform work in a workmanlike manner, Commercial Union should have so stated in plain and simple language. *Brown v. Laconia,* 118 N.H. 376, 386 A.2d 1276 (1978); *Peerless Insurance Co. v. Clough,* 105 N.H. 76, 193 A.2d 444 (1963).

*Exceptions overruled.*

KING, J., did not sit; the others concurred.