Merrimack
No. 79-262

AMERICAN POLICYHOLDERS' INSURANCE COMPANY

v.

EDWARD F. SMITH

March 13, 1980

*Wiggin & Nourie,* of Manchester (*Kenneth G. Bouchard* orally), for the plaintiff.

*Alexander M. Lachiatto,* of Franklin, by brief and orally, for the defendant.

DOUGLAS, J.   This is a petition for declaratory judgment under RSA 491:22 to determine coverage under a manufacturers' and contractors' liability insurance policy issued by the plaintiff to the defendant, Edward F. Smith. The principal issue is whether an exclusion that purports to modify the property damage coverage extended by the policy is sufficiently clear and adequately positioned so that an ordinary person in the position of the insured would understand that the policy coverage was modified by the exclusion. We find no modification of coverage.

In 1975, Mr. Smith, a self-employed general contractor, was hired to install a drainage pipe at a private residence owned by Jeanne Schoolcraft. As Smith excavated the drainage trench, the bucket of his backhoe struck an underground gas main that serviced the house. The resulting explosion damaged the house and various items of personal property. Schoolcraft then brought suit against both Smith and Gas Service, Inc., the gas supplier. Gas Service, Inc. brought a third party action against Smith seeking indemnity in the event it was held liable to Schoolcraft.

Mr. Smith made a demand upon his liability insurer, American Policyholders' Insurance Company, to provide him with insurance coverage and a legal defense. Contending that the policy extended no coverage for this type of occurrence, the plaintiff filed a petition for declaratory judgment and later amended it to assert that the company also had no obligation to defend Smith in the suit brought by Gas Service, Inc.

Following a hearing, the trial court ruled that the defendant was entitled to coverage under the policy. The plaintiff excepted and *Contas,* J., reserved and transferred all questions of law to this court.

The first issue before us is no stranger to this court. It is whether an ordinary person in the insured's position would understand that a certain exclusion limited the general policy coverage. *See Commercial Union Assurance Co. v. Gilford Marina,*

*Inc.*, 119 N.H. 788, 408 A.2d 405 (1979); *Commercial Union Assurance Co. v. Gollan*, 118 N.H. 744, 394 A.2d 839 (1978).

The relevant policy provision takes the form of an additional "declarations" page attached to the defendant's multi-page general liability automobile policy. The "declarations" page contains a section entitled "General Liability Hazards", which not only specifies the advance premiums required for the defendant's bodily injury and property damage coverage, but also includes a subsection entitled "Description of Hazards." Located directly beneath that subsection title is the classification code number, 62-1511xcu, which is immediately followed by the word "Excavation".

On the reverse side, under the "liability" section, the insurer agrees to

> pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of A. *bodily injury* or B. *property damage* to which this insurance applies, caused by an *occurrence*, and . . . to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage* . . . . (Emphasis in original.)

Following this language is a list of seventeen exclusions from coverage including exclusion (q)(3), which provides that the coverage does not extend "to *property damage* included within . . . *the underground property damage hazard* in connection with operations identified in this policy by a classification code number which includes the symbol 'u'." (Emphasis in original.) The "underground property damage hazard" as defined in the "definitions" section of the automobile policy "includes underground property damage . . . and *property damage* to any other property . . . . 'Underground property damage' means *property damage* to wires, conduits, pipes, mains, sewers, tanks, tunnels . . . beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating . . . ." It is the plaintiff's contention that an ordinary person in the insured's position would understand that the grant of coverage extended for losses arising from excavation work is modified by exclusion (q) (3) to exclude from coverage any damage to underground property or any other property that resulted from the defendant's backhoe striking the gas main.

■ ■ As we have noted before, "[i]nsurance policies have long been under attack in this jurisdiction for their confusing language" and misleading forms. *Commercial Union Assurance Co. v. Gollan*, 118 N.H. 744, 745, 394 A.2d 839, 841 (1978). *See generally Storms v. United States Fidelity and Guaranty Co.*, 118 N.H. 427, 388 A.2d 578 (1978). For obvious reasons of public policy, the legislature has placed the burden of proof regarding policy coverage on the insurer. RSA 491:22-a (Supp. 1979). Furthermore, in this State insurance policies are to be interpreted from the viewpoint of the ordinary person in the position of the insured "in the light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured." *Aetna Insurance Co. v. State Motors Inc.*, 109 N.H. 120, 125, 244 A.2d 64, 67 (1968).

Although we are not faced here with a policy as lengthy as that found in *Commercial Union Assurance Co. v. Gollan supra*, an absence of prolixity does not guarantee clarity. We have little doubt that an ordinary person, after reading the "Description of Hazards" that contains the word "Excavation", would conclude that the policy provided coverage for bodily injury and property damage arising from such work. To interpret the policy as the plaintiff suggests would require us to give no effect to the word "Excavation" in the "Description of Hazards," since exclusion (q)(3) excises from coverage a huge area of potential liability for the defendant.

■ ■ In our opinion, a reasonable person in the position of the insured would not believe that the coverage provided for excavation work for which he paid a separate premium would be substantially eliminated by the obscure exclusion code letter "u" relied upon by the company. *See Lariviere v. N.H. Insurance Group*, 120 N.H. 168, 413 A.2d 309 (1980); *Brown v. Laconia*, 118 N.H. 376, 386 A.2d 1276 (1978). Although we recognize the right of an insurer to contractually limit the extent of its liability, the plaintiff, if it wished to modify the policy in this case, should not have relied upon the cryptic symbol "u" in the classification code number to inform Smith that he was buying something less than general protection for damages arising from "Excavation". *See Commercial Union Assurance Co. v. Gollan*, 118 N.H. 744, 749, 394 A.2d 839, 843 (1978).

■ We feel constrained to note that we are well aware of the economies of policy construction and publication and we recognize

that insurers might feel compelled to devise a single policy that is capable, with a change of a typed code number, of serving a wide variety of contractual situations. In this State, however, this economic interest is subjugated to the individual consumer's interest in understanding his specific policy. Accordingly, we agree with the trial court that the policy in this case is needlessly misleading and obscure.

The second issue in this case is whether the trial court erred in denying the plaintiff's motion that the petition for declaratory judgment be taken *pro confesso*. The plaintiff argues that Superior Court Rules 216 and 222 (now Rules 131 and 136) require the court to enter a decree *pro confesso* if the defendant fails to file an answer to a bill or an amended bill. Although the defendant did fail to file answers to both the original and amended petitions, the trial court has discretion to waive its own rules. *See Timberlane Regional Educational Ass'n v. Crompton*, 115 N.H. 616, 347 A.2d 612 (1975). A review of the record indicates that the parties argued the plaintiff's motion at the hearing on the petition for declaratory judgment and that the trial court denied it. Under the standard of review applicable in this situation, we will not substitute our judgment for that of the trial court in the absence of an abuse of discretion.

*Exceptions overruled.*

All concurred.