Merrimack
No. 80-368

EARL L. HULL

v.

BERKSHIRE MUTUAL INSURANCE COMPANY

March 16, 1981

*Wiggin & Nourie,* of Manchester (*Richard B. McNamara* on the brief and orally), for the defendant.

*S. David Siff,* of Concord, by brief and orally, for the plaintiff.

### MEMORANDUM OPINION

In 1978, Joseph and Elaine Morretto hired Earl Hull, a masonry contractor, to construct a front porch, steps, and a retaining wall on their property. Before the work was completed, a disagreement arose between the parties, and Hull was discharged. The Morrettos then sued Hull for the allegedly defective work that he had completed. Hull, who had an insurance policy with the defendant, asked the insurance company to defend against the suit. When the insurer denied coverage, Hull brought a petition for declaratory judgment under RSA 491:22. On stipulated facts, the Master (*Robert A. Carignan,* Esq.) found that Hull was not covered by the policy for the damages alleged by the Morrettos. The Superior Court (*Cann,* J.) approved the master's report, and Hull appealed.

Under our recent ruling in *Trombly v. Blue Cross/Blue Shield,* 120 N.H. 764, 423 A.2d 980 (1980), the issue is whether there is an ambiguity in the contract. We find no ambiguity. The insurance contract at issue provides coverage for "all sums which the *insured* shall become legally obligated to pay as damages because of

A. *bodily injury* or

B. *property damage*

caused by an *occurrence. . . .*" (Emphasis original.) "Occurrence" is defined as "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Relying on *Commercial Union Assurance Co. v. Gilford Marina, Inc.,* 119 N.H. 788, 408 A.2d 405 (1979), and *Commercial Union Assurance Cos. v. Gollan,* 118 N.H. 744, 394 A.2d 839 (1978), Hull argues that the policy does not clearly exclude coverage. Those cases are distinguishable from this case. In the Morrettos' suit against Hull, they allege no bodily injury or property damage. Nor do they allege damages caused by accident. The sole basis of their suit is a claim for money damages for Hull's defective work. We find no error below. *See Bituminous Casualty Corp. v. Bartlett,* 307 Minn. 72, 80, 240 N.W.2d 310, 314 (1976), *overruled on other grounds, Prahm v. Rupp Const. Co.,* 277 N.W.2d 389, 391 (Minn. 1979).

*Affirmed.*