Moulton v. Maryland                    CV-92-467-M    12/19/95
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Moulton Construction, Inc.,
      Plaintiff,

      v.                                      Civil No. 92-467-M

Maryland Casualty Company,
      Defendant.


                          O R D E R


      This is a declaratory judgment action in which the

plaintiff, Moulton Construction, Inc. ("Moulton") seeks a

declaration that it is entitled to coverage under a policy of

comprehensive general liability insurance issued to it by

Maryland Casualty Company.  In an underlying state action,

Lakeview Homeowners Association ("Lakeview") has sued Moulton for

having negligently constructed a sewage disposal system.

Lakeview claims that because of Moulton's negligence, the sewage

disposal system does not perform as designed, causing effluent to

be discharged onto the ground and into surrounding groundwater.

Moulton seeks coverage under the insurance policy for any damages

it may be required to pay to Lakeview.

On April 25, 1994, with the agreement of the parties, the court stayed these proceedings until the New Hampshire Supreme Court had decided a case which presented legal issues similar to those raised here. Now that the New Hampshire Supreme Court has issued its opinion in High Country Associates v. New Hampshire Insurance Co., 139 N.H. 39 (1994), the stay has been lifted and the parties have renewed their respective motions for summary judgment.

### Standard of Review

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, demonstrating "some factual disagreement sufficient to deflect brevis disposition." Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied,

2

504 U.S. 985 (1992). This burden is discharged only if the cited disagreement relates to a genuine issue of material fact. <u>Wynne v. Tufts University School of Medicine</u>, 976 F.2d 791, 794 (1st Cir. 1992), <u>cert.</u> <u>denied</u>, 113 S.Ct. 1845 (1993).

## Discussion

The commercial insurance policy issued by Maryland Casualty to Moulton (the "Policy") provides that the insurer will pay:

> those sums that the insured becomes legally obligated
> to pay as damages because of "bodily injury" or
> "property damage" to which this insurance applies
> . . . . The "bodily injury" or "property damage" must
> be caused by an "occurrence."

Policy at Section I - Coverages, §1(a). The parties appear to agree that Lakeview (plaintiff in the underlying state action) has not alleged any damages stemming from "bodily injury." Accordingly, the court need only focus on the Policy's definitions of "occurrence" and "property damage."

The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Policy at Section V -

3

Definitions, §9.  With regard to the phrase "property damage,"
the Policy provides:

> "Property damage" means: (a) Physical injury to
> tangible property, including all resulting loss of use
> of that property; or (b) Loss of use of tangible
> property that is not physically injured.

Policy at Section V - Definitions, §12.  The Policy employs
fairly standard definitions of these terms, which are virtually
identical to those addressed by the New Hampshire Supreme Court
in High Country Associates, supra, McAllister v. Peerless Ins.
Co., 124 N.H. 676 (1984), and Hull v. Berkshire Mutual Ins. Co.,
121 N.H. 230 (1981).

Moulton argues that, under the holding of High Country
Associates, Maryland Casualty is obligated to provide coverage
for the "property damage" allegedly sustained by Lakeview.
Specifically, Moulton asserts that:

> Primarily, Lakeview claims that the system does not
> work properly and must be repaired.  Clearly, any
> alleged damage to the sewage disposal system
> constitutes "physical injury to tangible property,
> including all resulting loss of use of the property."
> Thus, damage to the system constitutes "property
> damage."

4

Plaintiff's Memorandum in Support of Summary Judgment, at 5-6.[1]

The court is, however, constrained to disagree with Moulton's assertion that coverage exists under the Policy. Lakeview's writ in the underlying state litigation reveals that it is not seeking compensation for damages resulting from an "occurrence," as that term is defined in the policy and as recently interpreted by the New Hampshire Supreme Court. Instead, Lakeview alleges:

> As a direct and proximate result of the Defendant's [i.e., Moulton's] negligence, . . . the Plaintiff has suffered extensive damages.  Specifically, the Plaintiff:
>
> A)   Has expended and will continue to expend considerable sums of money to effectuate temporary and permanent repairs for the above-mentioned sewage disposal systems;

---

[1]   In support of its position, Moulton submitted the affidavit of Attorney William Baker, counsel for Lakeview in the underlying state proceeding, which provides:

> [T]he principal component of the damages sought by Lakeview in the underlying action, consists of actual physical damages to the waste water sewage disposal system.  Lakeview is principally seeking compensation for sums expended for repair and continued maintenance of the system itself.

Plaintiff's memorandum in support of summary judgment, Exhibit E, para. 2.

B) Has expended and will continue to expend considerable sums of money to meet the costs of enhanced maintenance and personal services associated with the malfunctioning of the above mentioned systems;

C) Has experienced a significant loss in value in the condominium complex as a result of the Defendant's negligence.

Lakeview Homeowners Association v. Moulton Construction, Inc., No. 92-C-054 (Grafton County Superior Court), complaint, para. 16. "The sole basis of [Lakeview's] suit is a claim for money damages for [Moulton's] defective work." Hull, 121 N.H. at 231. In fact, Moulton tacitly concedes the point in its memorandum, acknowledging that "[p]rimarily, Lakeview claims that the system does not work properly and must be repaired." Here, unlike in High Country Associates, supra, Lakeview's claim, as drafted, is for the "cost of repairing work of inferior quality." Id. at 43.

Stated differently, Lakeview has alleged no actual damage to land or buildings stemming from the release of effluent from the sewage system. Instead, it simply seeks compensation for the costs to maintain and repair the allegedly faulty system - faulty because it allegedly was constructed in a negligent manner. This

6

fact distinguishes Lakeview's claim from that of the plaintiff in High Country Associates, supra, where the court noted:

> By contrast, the Association alleged <u>actual damage to the buildings</u> caused by exposure to water seeping into the walls that resulted from the negligent construction methods of [defendant]. The damages claimed are for the water-damaged walls, <u>not the diminution in value or costs of repairing the work of inferior quality</u>. Therefore, the property damages described in the amended writ, caused by continuous exposure to moisture through leaky walls, is not simply a claim for the contractor's defective work.

Id. at 43 (emphasis added). Here, Moulton's allegedly "defective work, standing alone, did not result from an occurrence, and indeed was not property damage within the meaning of the policy." McAllister, 124 N.H. at 681 (citing Hull, supra).

Accordingly, the court finds that resolution of this matter is controlled by the New Hampshire Supreme Court's decisions in McAllister, supra, and Hull, supra. As a matter of law, Moulton is not entitled to coverage under the Policy for the damages described in Lakeview's complaint, as drafted. The harm which Lakeview claims to have sustained as a result of Moulton's allegedly poor workmanship is not the product of an "occurrence" and, therefore, there is no coverage under the Policy. "The fortuity implied by reference to an accident or exposure [in the

7

definition of `occurrence'] is not what is commonly meant by a failure of workmanship." McAllister, 124 N.H. at 680 (citing Hull, supra).[2]

Plaintiff's motion for summary judgment (document no. 32) is denied. Defendant's motion for summary judgment (document no. 34) is granted.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

December 19, 1995

cc:  Jeffrey S. Cohen, Esq.
     Andrew D. Dunn, Esq.
     Andrew Gendron, Esq.

---

[2]  Because the court has found that the Policy does not provide Moulton with coverage for the claims made by Lakeview in state court, it need not address the merits of Maryland Casualty's assertion that certain exclusions contained in the Policy preclude coverage.

8