94 N.J. Super. 319 (1967)
228 A.2d 101
ELIZABETH JANE COX, AN INFANT BY HER GUARDIAN AD LITEM, CHARLES COX, AND CHARLES COX, INDIVIDUALLY, PLAINTIFFS,
v.
MARION SANTORO, DONALD SANTORO, JOSEPH SANTORO, AND UTICA MUTUAL INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 10, 1967.
*320 Mr. Thomas T. Warshaw for plaintiffs (Mr. Seymour R. Kleinberg, attorney).
Mr. H. Curtis Meanor for defendants Utica Mutual Insurance Company and Joseph Santoro (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
FISHER, J.S.C.
This is an action for declaratory judgment to determine whether defendant, Utica Mutual Insurance Company, is liable under a contract of insurance issued *321 to defendant Joseph Santoro. There are factual issues, but before they were reached the parties agreed to submit to this court the question of whether there is coverage on the face of the policy. To this end they entered into a stipulation of facts.
The genesis of this litigation was an automobile accident which occurred on August 16, 1964 when Donald Santoro, Joseph Santoro's son, was operating a vehicle which belonged to his sister Marion Santoro, with her permission. He was not, however, acting as her agent. At the time of the accident Elizabeth Jane Cox was a passenger. The car left the highway and came into contact with a tree, causing Miss Cox severe, permanent and disfiguring injuries. A law suit then ensued, Cox v. Santoro, Docket No. L-6044-65, which resulted in a jury verdict against Donald in the total amount of $116,914.09.
At the time of this accident Donald and Marion lived in the home of their parents, Mr. and Mrs. Joseph Santoro. Unquestionably all were residents of the same household.
Prior to the accident defendant Utica Mutual Insurance Company (hereafter Utica) had entered into a contract of insurance with Joseph covering a 1963 Volkswagen. This policy set a $50,000 limit of liability applicable to all claims for bodily injury to one person, with a further coverage on medical payments limited to $1,000.
Also in existence at the time of the accident was an automobile liability policy issued by Utica to Marion Santoro as named insured covering a 1962 Chevrolet automobile owned by her. This policy had a limit of liability of $25,000 for bodily injury to one person and medical payments coverage limited to $1,000.
Following the accident and prior to the institution of the negligence action, medical payments were made to Elizabeth Jane Cox by defendant through Joseph M. Cashin Associates, insurance adjusters and agents of Utica, of $2,000. Utica obviously paid the maximum medical payments coverage of $1,000 on each of the above named policies.
*322 Utica agrees there is no question but that there is coverage under Marion's policy to the extent of $25,000, but denies it is liable under Joseph's policy for an additional $50,000 to be applied to this judgment.
The policies are identical in form. Under "PART 1  LIABILITY" the policies contain the following language, which is applicable to the problem here:
"Persons Insured: The following are insureds under Part 1:
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, * * *."
In the definitions within the same section "relative" is set forth to mean a relative of the named insured who is a resident of the same household; and the definition of "non-owned automobile" is an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.
The argument by plaintiffs here is that the policy affords coverage on the one hand and withdraws it on the other by an exclusion. They further urge that the language of the policy, insofar as it relates to the situation confronting us, is ambiguous. Plaintiffs rely on Gerhardt v. Continental Insurance Companies, 48 N.J. 291 (1966).
Although like provisions in automobile insurance policies have been construed by courts in other jurisdictions, no New Jersey court has yet been confronted with the problem in any reported opinion. Utica takes the following position: there is nothing ambiguous in the coverage; the language is clear and unmistakable, and this is a matter of coverage and not exclusion. It further advances that the reason a resident of the household is excluded from coverage is to avoid insuring through one policy the cars of other members *323 of the household. Here Joseph Santoro's policy was already affording protection to all other members of the domestic circle, and by this provision the carrier obviously attempts to avoid the overloading of the contract of insurance by not covering cars owned by other members of the household.
This question has been decided by the Pennsylvania Supreme Court in the case of Carr v. Home Indemnity Co., 404 Pa. 27 (1961), in a result adverse to the position advanced by the plaintiffs. In sustaining the trial court the Supreme Court of Pennsylvania found that the policy as written was not ambiguous and that to hold otherwise would be to rewrite the contract of insurance. See also Newcomb v. Great American Ins. Co., 260 N.C. 402, 133 S.E.2d 3 (Sup. Ct. 1963).
Plaintiffs cannot take refuge in Gerhardt v. Continental Insurance Companies, supra. There the court, through Justice Jacobs, held in effect that the homeowner's comprehensive policy involved was couched in such terms and manner, by the volume of its verbiage and the broad expressions of coverage, that it misled the homeowner into believing she was covered, when in fact she was not. The language excluding coverage in that policy was obscure on first reading even to both counsel and the court. Further, the court pointed out that "nowhere was there any straightforward and unconditional statement that the policy was not intended to protect the insured against a workmen's compensation claim by a residence employee at the insured's home." This court takes Gerhardt to mean simply that an insurance carrier must be clear in its expression of coverage and must not mislead by implying coverage and then later in another part of the policy excluding it with obscure and vague language.
The Gerhardt case is clearly distinguishable. In standard automobile policies insurance carriers may not use language which would be considered beneath average intelligence, but need only clearly and fairly set forth the agreed coverage and exclusions.
*324 An examination of the policies involved in this suit discloses no uncertainty of language. Their language discloses to the average layman, should he take time enough to read his agreement with the carrier, the scope of the coverage and exclusions. The terms are plain and not ambiguous. A reading of these policies should lead the insured to a reasonable expectation of the coverage, and the insured is not subjected to "technical encumbrances or to hidden pitfalls." Compare Kievet v. Loyal Protect. Life Ins. Co., 34 N.J. 475 (1961).
Additionally, plaintiffs urge that by reason of the Utica's payment of the medical expenses by virtue of the policy issued to Joseph Santoro, it is estopped from denying liability. I cannot agree.
Utica's contract of insurance with Joseph Santoro, in the section relating to medical coverage under "CONDITIONS," paragraph 7 relating to Part II of the policy is as follows:
"The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company."
By this provision the company plainly indicated that a payment under the medical coverage would not be an admission of liability. The court is required to enforce the policy of insurance as it finds it when that contract is clear and unambiguous, as it is in this instance. Kook v. American Sur. Co. of N.Y., 88 N.J. Super. 43 (App. Div. 1965).
The principles of waiver or estoppel cannot be invoked to cover a loss which is not within the coverage provisions of a policy. Capece v. Allstate Ins. Co. v. State Farm, etc., Ins. Co., 86 N.J. Super. 462 (Law Div. 1965); Goldberg v. Commercial Union Ins. Co. of N.Y., 78 N.J. Super. 183, 191 (App. Div. 1963).
*325 The court therefore finds that there is no coverage under the policy which was issued by Utica to Joseph Santoro insofar as it is presented to this court by the stipulations of fact and the exhibits. This matter will now proceed to any remaining factual issues.
An order consistent with this opinion will be submitted.