98 N.J. Super. 360 (1967)
237 A.2d 491
ELIZABETH JANE COX, AN INFANT, ETC., AND CHARLES COX, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
MARION SANTORO, DONALD SANTORO, JOSEPH SANTORO, DEFENDANTS, AND UTICA MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-APPELLANT, AND U.S. MUTUALS AGENCY, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1967.
Decided December 29, 1967.
*362 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Thomas T. Warshaw for appellants (Mr. Seymour R. Kleinberg, attorney).
Mr. H. Curtis Meanor for defendant-respondent and third-party plaintiff-appellant Utica Mutual Insurance Company (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs appeal from judgments which held that defendant Utica Mutual Insurance Company (Utica) was not liable on a policy of automobile insurance issued to defendant Joseph Santoro through the third-party defendant U.S. Mutuals Agency (U.S. Mutuals), for damages arising from injuries sustained by the infant plaintiff *363 Elizabeth Jane Cox by reason of the negligent operation of an automobile by defendant Donald Santoro.
The facts herein are not disputed  those concerning the issue of coverage were stipulated. On August 16, 1964 Donald Santoro was operating a Chevrolet automobile belonging to his sister Marion Santoro, with her permission. The car left the highway and struck a tree resulting in serious injury to his friend, Elizabeth Jane Cox, who was a passenger. Elizabeth and her father thereafter instituted suit which resulted in verdicts against Donald totaling $116,914.09.
Marion Santoro's automobile was covered at the time of the accident by a policy issued to her by defendant Utica through U.S. Mutuals where she was employed. Defendant Utica concedes that it is liable to plaintiffs under that policy to the extent of $25,000, its upper limit for bodily injury to one person. By the present suit for declaratory judgment plaintiffs seek to recover from Utica under a second policy issued by it to Joseph Santoro, the father of Donald and Marion, which provides for coverage up to $50,000 for one person.
The policy issued to Joseph covered a 1963 Volkswagen and contained the usual clauses affording coverage for damages arising from the operation of that vehicle. In addition, it contained the following clause referable to the operation of "non-owned" automobiles:
"Persons Insured: The following are insureds under Part 1:
* * * * * * * *
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, * * * of the owner and is within the scope of such permission, * * *."
A non-owned automobile was defined in the policy as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other *364 than a temporary substitute automobile," and a relative was defined as "a relative of the named insured who was a resident of the same household." It is not contended that the automobile being driven by Donald at the time of the accident was a temporary substitute automobile.
At the time of the accident Joseph Santoro and his wife, together with Donald and Marion, both single, were living together in the same household. Donald did not own a car but was using Marion's Chevrolet for his own purposes, e.g., as a means of transportation for himself and his companion.
Judge Fisher, in an opinion reported in 94 N.J. Super. 319, held that Joseph's policy did not afford coverage for Donald's negligent operation of Marion's car on the ground that it was excluded from coverage by the policy terms as an automobile owned by a relative. He reasoned that the policy was so written to avoid "overloading" it with the hazards flowing from the operation of multiple cars out of a single household in cases where the premium paid was based upon the operation of but one named vehicle. At the subsequent trial of the remaining issues he granted motions for judgment in favor of defendants, holding as a matter of law that U.S. Mutuals had not been negligent in writing the policy and had not acted as the agent of Utica in doing so.
The judgment of the Law Division as to the coverage of the policy is affirmed, substantially for the reasons set forth in the opinion of the trial court as supplemented herein.
Plaintiffs urge that the words "non-owned automobile" refer to any automobile not owned by the insured, and since the definition contained in the policy is in the nature of an exclusionary clause, it should be strictly construed against the company to afford coverage. Mazzilli v. Accident & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 8 (1961). Not so. The policy definition of a non-owned automobile is clear and unambiguous. Carr v. Home Indemnity Company, 404 Pa. 27, 170 A.2d 588, 83 A.L.R.2d 922 (Sup. Ct. 1961); cf. Fidelity and Casualty Company of New York v. Jackson, *365 297 F.2d 230, 232 (4 Cir. 1961); Hamilton v. Maryland Casualty Co., 368 F.2d 768 (5 Cir. 1966). To hold otherwise would be to rewrite the policy. Although the issue here presented was not raised there, a similar definition was held not to afford coverage in Rider v. Lynch, 42 N.J. 465, 474-75 (1964). Cases such as Gerhardt v. Continental Ins. Cos., 48 N.J. 291 (1966), and Kievit v. Loyal Protect. Life Insurance Co., 34 N.J. 475 (1961), on which plaintiffs principally rely, are clearly distinguishable. The facts here do not involve technical encumbrances, hidden pitfalls or concealed exclusions. The extent of the company's liability for the operation of non-owned automobiles is plainly set forth as a separate subsection of the policy under the heading "Persons Insured." The definition of a non-owned automobile is included in the definitions which immediately follow it.
Plaintiffs next urge that the trial judge erred in withdrawing from the jury's consideration the issues as to whether U.S. Mutuals was guilty of negligence in connection with the issuance of the policy and whether Utica was liable for such negligence as its principal. We disagree. Considering plaintiffs' proofs in the light most favorable to them, they failed to establish a prima facie case as against U.S. Mutuals. An insurance broker may be held liable for his failure to exercise the requisite skill or diligence if he fails to issue the insurance policy he has promised to procure, Marano v. Sabbio, 26 N.J. Super. 201 (App. Div. 1953); if he assures the insured that he is covered whereas he is not, Barton v. Marlow, 47 N.J. Super. 255 (App. Div. 1957), or if he procures a policy which is materially deficient, Rider v. Lynch, supra, at p. 476. Here the policy had been ordered from Marion and Joseph testified that he had received what he had ordered  a family combination automobile policy affording coverage of $50,000 and $100,000 for bodily injury. The suggestion that there was a further duty on the part of Marion or her employer to specifically advise him that that policy would not cover his son while driving a relative's *366 car is without merit. There is no proof that he requested such advice or even required it. He had had 40 years' experience in the insurance business, the last 15 or 20 years as a casualty claims examiner.
Aside from the foregoing the trial judge found, and we agree, that the proofs afforded no basis for the contention that, in connection with the giving of advice to prospective purchasers of insurance, U.S. Mutuals was acting as the agent of Utica. He properly determined that U.S. Mutuals was a broker acting as agent for Santoro in procuring coverage for him. Rider v. Lynch, supra, at p. 475; Schustrin v. Globe Indemnity Co. of New York, 44 N.J. Super. 462 (App. Div. 1957). The written contract governing the relations between Utica and U.S. Mutuals was in evidence. Its construction was for the court rather than the jury. There were no disputed issues for the jury's determination.
We find plaintiffs' remaining points to be without merit. Our conclusions render it unnecessary to consider Utica's cross-appeal.
Affirmed.