165 N.J. Super. 52 (1979)
397 A.2d 727
REBA GREEN, A MINOR, BY HER NATURAL MOTHER AND GUARDIAN AD LITEM, DOROTHY GREEN AND DOROTHY GREEN, IN HER OWN RIGHT, PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS,
v.
NORWOOD J. DAWSON, DEFENDANT-RESPONDENT,
v.
SELECTED RISKS INSURANCE COMPANY, DEFENDANT/INTERVENOR-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1978.
Decided January 8, 1979.
*53 Before Judges CONFORD, PRESSLER and KING.
Messrs. Falciani & DiMuzio, attorneys for appellant (Mr. Joseph J. Hoffman, Jr., on the brief; Mr. Angelo J. Falciani, of counsel).
*54 Messrs. Horuvitz, Perlow, Ritter & Morris, attorneys for cross-appellant (Mr. John P. Morris, on the brief).
Defendant-Respondent Norwood J. Dawson did not file a brief.
PER CURIAM.
Defendant Selected Risks Insurance Company ("Selected Risks") issued an automobile liability policy to Norwood and Virginia Dawson ("Mr. and Mrs. Dawson"). Their son, Norwood J. Dawson ("Norney"), a member of their household, was driving a car owned by his brother Mark, also a member of the household, and insured with GEICO, when an accident occurred in which plaintiff Reba Green was injured.
GEICO agreed that it was liable for the full $15,000 of its coverage and paid that amount into court. Plaintiffs, contending that Selected Risks was secondarily liable, moved for entry of a judgment and stipulation which would have provided that Norney had no personal liability for excess coverage and that plaintiffs could pursue their claim against Selected Risks. Selected Risks intervened, seeking a declaratory judgment that the auto involved in the accident was not covered by its policy. Such a declaratory judgment was granted defendant Selected Risks, and plaintiffs' motion for a judgment and stipulation was denied. Plaintiffs appeal and Selected Risks cross-appeals.
Plaintiffs contend: (1) it was error to find that Mark's auto was not the kind of "non-owned automobile" covered by Selected Risks' policy; (2) the statute governing liability insurance required coverage for this non-owned automobile; (3) it was error to find that Mark's auto was not covered as a "temporary substitute automobile" within the terms of the policy, and (4) it was error to deny plaintiffs' motion for a judgment and stipulation.
Selected Risks claims: (1) the judge erred when he found that Mark's car was owned by him rather than by his parents; (2) the judge refused to use certain expert testimony substantively *55 to prove that Mark did not own the car, and (3) it was error to hold that the car was used by defendant Norney with the permission of its owner.
We affirm. The auto was not the kind of non-owned automobile covered by the policy nor was it a temporary substitute automobile. The trial judge properly ruled that it was not insured by Selected Risks and correctly declined to enter the judgment and stipulation sought by plaintiffs.
The policy provides coverage for liability for injury arising out of "the ownership, maintenance or use of the owned automobile or any non-owned automobile." A non-owned automobile is defined as "an automobile * * * not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." A temporary substitute automobile is considered to be an owned automobile and is defined as an automobile "not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile when withdrawn from normal use because of its breakdown, servicing, loss or destruction."
Contrary to defendant's contention on appeal, the judge properly ruled that the car involved in the accident was owned by Mark Dawson. There is sufficient credible evidence in the record to uphold that finding. State v. Johnson, 42 N.J. 146, 162 (1964). It is also clear that Mark Dawson was a "relative" as defined by the policy because he was not only related to the named insureds but was a resident of their household.
Because the car was owned by a relative it was excluded from the category of non-owned automobiles covered by the policy. In Cox v. Santoro, 98 N.J. Super. 360, 363-364 (App. Div. 1967), Donald Santoro was driving a car owned by his sister Marion. The injured plaintiff sought recovery under a policy owned by Marion's and Donald's father. This court concluded that the father's policy did not cover Marion's car because the non-owned automobile provision of his policy excluded it as an automobile owned by a *56 relative. We held that the definition of a non-owned automobile was clear and unambiguous and that the policy could not be rewritten.
Plaintiffs rely heavily on the majority opinion in DiOrio v. New Jersey Manufacturers Ins. Co., 63 N.J. 597 (1973). That opinion makes the observation that a literal reading of a non-owned automobile provision (identical with the instant one) would mean that no named insured could ever be covered, even on an isolated occasion, when driving a car owned by a relative who lived in his household. Id. at 606. The court points out that such a reading would so undercut the average policyholder's expectations that it would be unfair to permit it. Ibid. Nevertheless, the court did not have to decide the issue, and Justice Mountain's well reasoned dissent seems to us more persuasive. We agree, particularly, with his reasons for strictly interpreting the non-owned automobile provision to prohibit coverage of any automobile owned by a relative of the named insured. He said:
* * * where an automobile is owned by or furnished for the regular use of any member of a family, the chances are very great that it will also be used by other members of the family, thus substantially increasing the risk of accident and injury. Consequently, if general family coverage is intended for such automobiles, they should justifiably be listed on the family policy so that a separate premium can be charged. The purpose of the exclusion in the "non-owned automobile" clause is to prevent an insured from obtaining coverage for some or all cars regularly used or owned by the insured by merely listing only one automobile on the family policy and paying a premium calculated upon the risk created by the ownership, maintenance and use of only that one automobile.

[63 N.J. at 613-614]
The trial judge here properly held that since the car involved in the accident was owned by a relative of the named insured it was not the kind of non-owned automobile covered by Selected Risks' policy.
We reject plaintiffs' contention that N.J.S.A. 39:6-46 prohibits an insurance company from excluding any non-owned automobile furnished for the regular use of a *57 named insured or a relative. The statutory language on which plaintiffs rely in nowise supports their argument.
The trial judge also properly ruled that the car did not qualify for coverage as a temporary substitute automobile. There was sufficient evidence in the record to uphold his finding that Norney did not use it as a substitute for a vehicle which was withdrawn from normal use because of breakdown, repair, servicing, loss or destruction. Although there was evidence that the pick-up truck Norney frequently used was broken down at the time of the accident, it was clear that Norney did not use Mark's car for that reason. He always used Mark's car when he went out with his friends on the weekend, and that is why he was using it on this occasion.
The remaining issues require little discussion. Because the judge properly held that Selected Risks' policy did not cover this automobile, he correctly refused to enter a judgment and stipulation in plaintiffs' favor. Moreover, contrary to defendant's contention, there was sufficient evidence to uphold the finding that Mark owned the car and that Norney used it with permission of the owner. Finally, the judge did not improperly use expert testimony regarding the handwriting on certain automobile registration applications.
Affirmed.