Hillsborough
No. 79-320

JAMES CONNOLLY

v.

MICHAEL GALVIN & a.

March 13, 1980

*Craig, Wenners, Craig & McDowell,* of Manchester (*Joseph F. McDowell* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore Wadleigh* orally), for the defendants.

GRIMES, C.J. The issue in this case is whether the evidence supports the trial court's determination that Michael Galvin was not a resident of his mother's household within the meaning of the defendant Travelers Insurance Company's policy at the time of the accident in which plaintiff was injured. We hold that it does.

On October 12, 1976, plaintiff was the only passenger in an automobile which was owned by one Ramish but being operated by defendant, Michael Galvin, when it left the road and collided with various trees. Plaintiff was injured and brought suit against Michael Galvin seeking to recover damages.

Defendant Marilyn Galvin is the mother of Michael and two other children and maintained a home at 3 Fernand Street in Manchester. In 1974, she purchased a motor vehicle liability policy from Travelers Insurance Companies. At that time, all three children lived with her at 3 Fernand Street. The renewal of that policy was in effect at the time of the referred-to accident. The policy covered as "insureds", with respect to a non-owned automobile, "any relative" which was defined as "a relative of the named insured who is a resident of the same household."

The insurance company denied coverage deeming that Michael Galvin was not a member of his mother's household at the time of the accident. Plaintiff brought this petition for declaratory action to determine coverage. The matter was heard by the court which determined that Michael was not a member of his mother's household at the time of the accident. Plaintiff's exceptions were transferred by *Wyman*, J.

The court found that on the day of the accident, Michael Galvin was a resident of premises rented and occupied by him under a written lease and located on New Boston Road in Bedford, New Hampshire, and that his decision to take up residence there reflected an intention not to return to or resume his former residence in his childhood room but to reside in his own place. It was further found that this intention was confirmed by defendant's testimony that his resumption of residence with his mother after the expiration of his lease was only until he could find another place to live.

■ Requests to find that Michael resided at 3 Fernand Street and was a member of the same household as Marilyn Galvin were denied. The evidence supports all these findings. Although Michael continued to list 3 Fernand Street as his residence on his license and registration and left it as his mailing address, it is clear that he did not reside there, nor did he intend to return there. The facts that he went there to be cared for by his mother after the accident, and after his lease of the New Boston property expired again moved into the house at 3 Fernand Street until he could find another place to live, are not at all inconsistent with his having an intention before and at the time of the accident not to return there to reside. He testified that when he left his mother's house in June or July, his intention was "just to go on my own" and that he intended a permanent change of residence. When he moved back with his mother after his lease expired, it was because it was the

"easiest thing to do . . . for that time" but his intention was "to find another place to live." Given all the evidence, the finding of the trial court is amply supported by the evidence and must stand. *Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978).

 Plaintiff claims that the court erred when it denied his request to rule that the insurance company to prevail must prove that "a reasonable person in the position of the insured would understand that Michael Galvin was no longer a resident of the household at 3 Fernand Street" at the time of the accident. He argues here that the policy should be construed to include one in the position of Michael because a reasonable person would so understand. We need not decide whether the denial of the request was error because the final interpretation of the policy is for this court. *N.H. Insurance Co. v. Schofield*, 119 N.H. 692, 406 A.2d 715 (1979). We hold that a reasonable person after a more-than-casual reading of the policy would not conclude, under facts of this case, that Michael was covered by the defendant's policy. *Brown v. City of Laconia*, 118 N.H. 376, 386 A.2d 1276 (1978).

*Exceptions overruled.*

All concurred.