Sullivan
No. 81-281

## GARY M. SPAULDING

v.

## CONCORD GENERAL MUTUAL INSURANCE COMPANY

June 9, 1982

*Lanea A. Witkus,* of Newport, by brief and orally, for the plaintiff.

*Brighton, Fernald, Taft & Hampsey P.A.,* of Peterborough (*John R. Falby, Jr.,* on the brief and orally), for the defendant.

BATCHELDER, J.   This case involves the question of whether the defendant-insurer's policy with the plaintiff covers the vehicle that the plaintiff was driving at the time of an accident. Upon the Master's (*Charles T. Gallagher,* Esq.) recommendation, the Superior Court (*Johnson,* J.) found that there was no coverage under the policy. We affirm.

The plaintiff, Gary M. Spaulding, at the time in question, had an insurance policy with Concord General Mutual Insurance Company (Concord General) covering a 1973 Opel. On October 5, 1979, while driving a 1966 Ford Econoline van, the plaintiff collided

with a parked automobile owned by a Mr. Richard Saia. When Mr. Saia sued Mr. Spaulding, Concord General denied coverage. The plaintiff then brought this action for a declaratory judgment in superior court.

The Ford van in question was registered to a Steven Hoyt. It had been purchased approximately a year and a half before the accident and had been parked primarily in the plaintiff's driveway. The plaintiff used the van frequently and contributed to its upkeep. Because Mr. Hoyt was in jail from July 27, 1979, to November 26, 1979, he was unable to use the van during that time. The plaintiff said he was driving the van during early October 1979, because his Opel was uninspected. The Opel, however, passed inspection three days after the accident.

The plaintiff was insured under the Concord General policy when driving an *owned* or *non-owned automobile*. An *owned automobile* is defined by the policy as "a private passenger . . . automobile described in this policy for which a specific premium charge indicates that coverage is afforded . . . [or] a temporary substitute automobile." A *temporary substitute automobile* is further defined as "any automobile . . . , not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile . . . when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction." A *non-owned automobile* is defined as "an automobile . . . not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

██ When interpreting an insurance contract, we will determine its meaning "based upon the meaning that would be attached to it by a reasonable person." *Exeter Banking Co. v. N.H. Ins. Co.*, 121 N.H. 1083, 1086, 438 A.2d 310, 313 (1981) (quotations omitted). Finding the subsidiary facts, however, is for the trier of fact, and its findings are binding on this court if they are supported by the evidence. *Moore v. N.H. Ins. Co.*, 122 N.H. 328, 332, 444 A.2d 543, 545 (1982).

The master determined that the van was not a *non-owned automobile*. Because he found that, during the first five days of October and for an indefinite period of time prior thereto, the plaintiff had free use of the van, he could properly hold that the van had been "furnished for the regular use of the named insured," taking the van out of the *non-owned automobile* definition.

The master also determined that the van was not an *owned automobile* because it was not a *temporary substitute automobile*. The master found that the van had been frequently used by the

plaintiff for his own purposes; it is apparent from the record that the plaintiff's use of the van was not dependent on the condition of the Opel. *See Green v. Dawson*, 165 N.J. Super. 52, 57, 397 A.2d 727, 729 (1979); *Strozewski v. American Family Mut. Ins. Co.*, 46 Wis. 2d 123, 130, 174 N.W.2d 550, 553–54 (1970). We cannot say the master was in error.

Accordingly, we affirm the ruling that the Ford van was not covered by Concord General's policy at the time of the accident.

*Affirmed.*

KING, C.J., did not sit; the others concurred.