BONNIE J. KONOPELSKI AS EXECUTRIX OF THE ESTATE OF RICHARD M. KONOPELSKI, DECEASED, AND INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 16, 1982—Decided December 14, 1982.

Before Judges BOTTER, POLOW and BRODY.

*William R. Powers, Jr.* argued the cause for appellant (*Moss, Powell & Powers,* attorneys; *William R. Powers, Jr.,* on the brief).

*Steven K. Kudatzky* argued the cause for respondent (*Tomar, Parks, Seliger, Simonoff & Adourian,* attorneys; *Steven K. Kudatzky* and *Arthur F. Herrmann* on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Defendant issued two standard automobile policies to Joseph Backowski and his wife. They are identical except that one covers a pickup truck and the other a sedan. Plaintiff's decedent was a passenger in the truck when Joseph Backowski accidentally drove it into a tree, causing the decedent's death. Defendant has offered to settle the resultant wrongful death action against Backowski for $100,000, the coverage limit afforded under the truck policy. Plaintiff contends in this declaratory judgment action that the $100,000 coverage afforded under the sedan policy should also be available. The trial judge agreed and entered judgment for plaintiff. We reverse.

■ The sedan policy covers damages "caused by accident arising out of the ownership, maintenance or use ... of the *owned motor vehicle.*" The "owned motor vehicle" is defined in the policy as the sedan. It does not include the truck. The definition is clear and unambiguous. There is no room for any other interpretation and there is no reason not to give it legal effect. *See Di Orio v. New Jersey Mfrs. Ins. Co.,* 79 *N.J.* 257 (1979); *Green v. Dawson,* 165 *N.J.Super.* 52 (App.Div.1979), certif. den. 81 *N.J.* 50 (1979); *Cox v. Santoro,* 98 *N.J.Super.* 360, 364 (App.Div.1967).

■ Plaintiff contends that limiting the coverage to $100,000 defeats the insured's reasonable expectations. This is so, according to plaintiff, because under the omnibus clause both policies offer their coverage, a total of $200,000, if the insured causes an

accident while driving any car except the two owned vehicles. The coverage afforded when the insured drives a nonowned vehicle is not that broad. A nonowned vehicle is defined in both policies as a vehicle "not (1) owned by, (2) registered in the name of, or (3) furnished or available for the frequent or regular use of the named insured, spouse or any relative." To the extent that coverage of the two policies may be stacked, it is limited to the infrequent instances where the insured casually borrows someone else's vehicle. There is no reason for the insured to conclude from this, that by purchasing separate policies for each of two vehicles, he is entitled to double the coverage afforded by each. *Di Orio v. New Jersey Mfrs. Ins. Co., supra,* 79 *N.J.* at 269–270.

It should be noted that defendant charges the same premium whether the vehicles are covered under one policy or two. Its purpose in favoring a separate policy for each owned vehicle is to avoid confusion and error when a vehicle is added to coverage or replaces a covered vehicle. Separate policies also permit a family to purchase different coverage for each vehicle.

Reversed.