Rockingham
No. 87-351

### HOLYOKE MUTUAL INSURANCE COMPANY

v.

### ROBERT CARR, II, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ROBERT CARR, III

July 28, 1988

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*James E. Higgins* and *Marc W. McDonald* on the brief, and *Mr. McDonald* orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Ernest T. Smith, III*, and *John K. McDonald* on the brief, and *Mr. McDonald* orally), for the defendant.

### MEMORANDUM OPINION

BROCK, C.J.  The defendant, Robert H. Carr, II, individually and as executor of the estate of his son, Robert H. Carr, III, appeals the Superior Court's (*Gray*, J.) finding that the deceased son was not a resident of the father's household and therefore was not entitled to coverage under the uninsured motorist liability provision of the policy that the plaintiff, Holyoke Mutual Insurance Company in Salem (Holyoke), issued to the father. We hold that the evidence supports the trial court's conclusion and therefore affirm.

Robert Carr, III, died in an automobile accident on July 1, 1983, in Stowe, Vermont. The automobile in which he was a passenger was not owned or insured by either the decedent or his father. Moreover, there was no liability insurance covering the automobile. The father subsequently filed a claim under the uninsured motorist provision of his own policy. Holyoke responded by filing a petition for declaratory judgment pursuant to RSA 491:22 to determine whether the decedent son was in fact a "relative" who was a "resident of the same household," as defined in the automobile insurance policy, and was therefore someone to whom Holyoke owed coverage. The trial court concluded that the son was not a "relative" within the meaning of the insurance policy, and the father appeals.

Although the defendant's notice of appeal purports to present three separate questions, all three relate to whether the evidence supports the trial court's finding that the son was not a resident of the father's household for purposes of insurance coverage at the time of his death. The appropriate scope of our review is whether the evidence does support the trial court's finding, and it is this issue upon which we focus. *Spaulding v. Concord Gen. Mut. Ins. Co.*, 122 N.H. 515, 517, 446 A.2d 1172, 1173 (1982); *Connolly v. Galvin*, 120 N.H. 219, 221, 412 A.2d 428, 429 (1980). The defendant also attempts to raise as a new issue, in his brief submitted to this court, the ambiguity of the policy language based on the *Trombly* standard. *See Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 423 A.2d 980 (1980). However, because this argument was not adequately raised below, we will not entertain it first on appeal. *See Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

In *Connolly*, we addressed the same issue that concerns us in this case; namely, whether a child of the named insured was a resident of the household for insurance coverage purposes. *Connolly, supra* at 120, 412 A.2d at 429. On the facts of *Connolly*, we held that the evidence supported the trial court's conclusion that the son was not a member of his mother's household, and therefore was not entitled to coverage. *Connolly, supra* at 120–21, 412 A.2d at 429. Our analysis in *Connolly* is helpful to our disposition of the present case.

Briefly, the trial court in this case found that the insurance policy issued to the father did provide uninsured motorist coverage to the named insured, Robert Carr, II. Moreover, it found that an "insured" was defined in part IV of the policy to include "the named insured and any relative." Part IV defined a "relative" by reference to part I, which limited the term "relative" to mean "a relative of the named insured *who is a resident of the same household.*" (Emphasis added.)

The trial court weighed numerous factors before concluding that Holyoke had met its burden of proving that the son was not a resident of the father's household on the day that he died. Specifically, the court found that Robert Carr, III, was over eighteen and a high school graduate when he moved to Vermont. These facts, the court stated, coupled with the fact that he procured an apartment and employment, "demonstrate[d] his intent to establish a new domicile." Despite the defendant's arguments that this move was only a temporary one before Robert entered college, the court found that at the time of his death the decedent had done

nothing to further the goal of going to college, and no evidence was presented to show that it was still his intention to go to college.

The court denied the defendant's requests to find that the decedent never evidenced an intent to become a permanent resident of Stowe, Vermont. *See Connolly v. Galvin*, 120 N.H. at 220, 412 A.2d at 429. As in *Connolly*, the evidence here demonstrated that the decedent listed his parents' address on his driver's license, visited his parents frequently, and continued to receive mail at his parents' home. Such association with the parents' residence, we said in *Connolly*, does not necessarily equate with being a resident of their household for insurance coverage purposes. *Id.* Given the facts of this case, the evidence presented, and our analysis in *Connolly*, we conclude that the trial court had ample evidence to support its findings. *Id.* at 221, 412 A.2d at 429.

*Affirmed.*

All concurred.