■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v GEICO, Respondent, et al., Defendants. [674 NYS2d 52] —In an action, *inter alia,* for a judgment declaring that the defendant GEICO is obligated to defend and indemnify the defendant Menachem Horowitz with respect to an accident which occurred on February 15, 1996, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated April 24, 1997, which denied its motion for summary judgment, awarded summary judgment in favor of GEICO pursuant to CPLR 3212 (b), and held that GEICO had no obligation to defend or indemnify Menachem Horowitz with respect to the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that GEICO has no obligation to defend or indemnify Menachem Horowitz with respect to the underlying action.

On February 15, 1996, the defendant Menachem Horowitz was involved in an automobile accident while driving a 1991 Nissan Maxima which he had borrowed from the defendant David Greenblatt to transport his family from New Jersey to New York. The automobile was insured by the plaintiff. The plaintiff demanded that GEICO provide coverage to Horowitz under a policy it had issued to Menachem Horowitz's father, Aaron Horowitz. It commenced this action for a judgment declaring that the automobile in question was a "temporary substitute auto" on the day of the accident, and that the GEICO policy provides coverage for liability for injury arising out of a non-owned automobile when used as a "temporary substitute auto".

The GEICO policy defines a "temporary substitute auto" as "an automobile or trailer, not owned by [the insured], temporarily used with the permission of the owner. This vehicle must be used as a substitute for the owned auto or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction". Contrary to the plaintiff's contention, the subject automobile does not qualify for coverage as a temporary substitute auto under the GEICO policy. Menachem Horowitz did not use the Nissan as a substitute for his father's vehicle, a Chevrolet Celebrity, because the Chevrolet had been withdrawn from normal use due to breakdown, repair, servicing, loss, or destruction. Instead, the evidence established that Horowitz had not wanted to use the Chevrolet because it was "old", was experiencing "problems", and was not as reliable as the Nissan for the long trip. He therefor left the Chevrolet at the Greenblatt home in place of their Nissan, which he borrowed. As the Chevrolet was withdrawn from use for reasons other than those enumerated in the policy, and merely for the insured's preference or convenience, coverage was properly denied (see, Webb v State Farm Mut. Ins. Co., 241 Ark 363, 407 SW2d 740; Green v Dawson, 165 N J Super 52, 397 A2d 727, cert denied 81 NJ 50, 404 A2d 1150).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of GEICO (see, Lanza v Wagner, 11 NY2d 317, 334, cert denied 371 US 901). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.